### STEINLE v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. May 18, 1897.)

#### No. 554.

LIFE INSURANCE—COMPLETION OF CONTRACT—ACCEPTANCE OF APPLICATION.

The payment to an insurance agent of a sum equal to the first premium, and the taking of a receipt therefor, which expressly declares that, if the application is accepted by the company, the insurance shall take effect from the date of application, but that, if the application is not accepted, the money shall be returned, and the receipt surrendered, does not amount to a contract of insurance until acceptance by the company, and, if the insured die before acceptance, the company is not liable.

In Error to the Circuit Court of the United States for the Western District of Texas.

This was an action at law by Emma S. Steinle against the New York Life Insurance Company to recover upon an alleged contract of insurance upon the life of her husband, Gustav Adolph Steinle. The court sustained a demurrer to the petition, and, plaintiff declining to amend, entered judgment for defendant. Plaintiff thereupon sued out this writ of error.

The material allegations of the complaint were:

That heretofore, to wit: on the 18th day of March, 1895, Gustav Adolph Steinle made application to the said defendant life insurance company, through its then authorized agent, J. B. Hargrave, for a policy of insurance on his life, payable in the event of his death to his wife, Emma S. Steinle, for the amount of twenty thousand dollars ($20,000), and at the same time the said Gustav Aldoph Steinle paid to the agent of the defendant life insurance company the sum of nine hundred and twenty-eight dollars ($928), being the first premium on the above policy of insurance, and the said agent of the defendant life insurance company gave Gustav Adolph Steinle a conditional receipt for the nine hundred and twenty-eight ($928) dollars, said receipt being in words and figures as follows, to wit:

"No. 11,321.　　　　　　　Conditional Receipt.　　　　　　　Amount, $20,000.00

"Received at Rockdale, state of Texas, this 18th day of March, 1895, of Gustav Adolph Steinle, the sum of nine hundred twenty-eight dollars on the following express conditions, agreements and understandings:

"1st. That, if an application made by him this day to the New York Life Insurance Company for an insurance of twenty thousand dollars, to take effect from this day, is approved and accepted by said company, and its policy issued, said sum shall be applied to payment of the first annual premium on said insurance.

"2nd. That, if said application is not approved and accepted, said company shall incur no liability thereunder, and said sum shall be returned on surrender of this receipt.

"3rd. That, if a policy is not received within forty days, a statement of the facts should be mailed to the home office, and, if not received within sixty days, the application must be considered declined, and claim made for return of said sum.

"4th. That no agent has power to make or modify any contract of insurance, or to bind the company, by making any promises, or making or receiving any representation or information.

"5th. That this receipt is not valid if any alterations or erasures are made in the printed form.　　　　　　　J. T. & Dan'l Boon, State Agents.

　"J. B. Hargrave, Agent.

　　"[Countersigned] J. B. Hargrave, Agent.

"This receipt is void if not issued within sixty days from March 4, 1895."

Plaintiff further alleged that on the date of the foregoing receipt the applicant was duly examined for insurance by a physician authorized thereto by the defendant, was found to be in good health and a perfect insurable risk, and the report of the examination was forwarded by the physician to defendant's home office, with a recommendation that the applicant be insured in the said sum of $20,000. Plaintiff then alleged "that on the 28th day of March, 1895, the insured, Gustav Adolph Steinle, died in the city of Marlin, Texas, and was buried on the 29th day of March, 1895, at Marlin, Texas; and that prior to his death the said defendant company never at any time notified the insured, Gustav Adolph Steinle, that his above application for twenty thousand dollars ($20,000) insurance in the defendant company was not approved or accepted by the said defendant company, nor did said defendant company ever at any time prior to the death of Gustav Adolph Steinle notify the said agent, J. B. Hargrave, who sent the application of Gustav Adolph Steinle for twenty thousand dollars ($20,000) insurance, that said application was not approved or accepted by the defendant company." Plaintiff further alleged "that it is a custom of the said defendant company, when an application for insurance is made, and a receipt, similar to the receipt copied herein from original, is given, to immediately notify the agent who sent the application and immediately notify the insured under the conditional receipt and application if said applicant was suspended or rejected for insurance by said defendant company." Plaintiff then alleged that at the special instance and request of defendant she made out and submitted to it proper proofs of loss, but that defendant failed and refused her the said $20,000, though the same had been demanded. The general demurrer and special exceptions filed by the defendant and sustained by the court were

based, substantially, upon the ground that the petition failed to show that any contract of insurance was ever completed.

James C. McLeary and Arthur W. Secligson, for plaintiff in error. Thos. H. Franklin and T. D. Cobbs, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. On the conceded facts of this case there was no contract of life insurance perfected, and the judgment of the circuit court must be affirmed.