COOKSEY v. MUTUAL LIFE INSURANCE COMPANY.

Opinion delivered November 19, 1904.

INSURANCE—EFFECT OF RECEIPT FOR FIRST PREMIUM—Where an applicant for life insurance paid to an insurance agent a sum equal to the first premium, and took a receipt therefor which recited that the sum was to be appropriated as the first annual premium when the insurance should be delivered to the applicant, and that such sum was to be refunded in case the insurance company should decline to issue the insurance, the transaction did not amount to a contract of insurance until acceptance by the company; and if the insured died before acceptance, the insurance company is not liable.

Appeal from Washington Circuit Court.

JOHN N. TILLMAN, Judge.

Affirmed.

*E. B. Wall,* for appellant.

The court erred in instructing a verdict. 37 Ark. 193. As to the constitutional provisions as to the province of juries, see: 36 Ark. 451; 37 Ark. 164; *Ib.* 239; *Ib.* 580; 36 Ark. 146; 33 Ark. 350: 34 Ark 469; *Ib.* 743: 57 Ark. 461. The preliminary contract was binding on the company, until the application was rejected. 16 Am. & Eng. Enc. Law (2d Ed.), 851; 7 Nev. 116, s. c. 8 Am. Rep. 705. The receipt and approval of the application, whether or not the policy had been issued, was binding on the company; and it is immaterial whether the applicant had been notified of such approval. 5 Ind. 96; 30 Fed. 902; Cooke, Ins. § 34; 72 Mich. 316; 21 Minn. 215; 56 Ga. 339; 7 Nev. 116; 95 U. S. 380.

*Rose, Hemingway & Rose,* for appellee.

There is no evidence that the solicitor was authorized to bind the company in even a temporary contract, and such authority will not be presumed merely because he made the contract. 31 Ark. 212; 33 Ark. 251; *Id.* 316; 44 Ark. 213; 46 Ark. 222; 54 Ark. 78. Delay in rejection of an application is not an acceptance of it. 30 Fed. 545; 50 Pac. 165. There was no error in the direction by the court that a verdict be returned for defendant. 66 Ark. 612; 51 Fed. 698; 115 Fed. 81; 81 Fed. 489.

McCULLOCH, J. Geo. Cooksey, as administrator of the estate of his brother, Thos. Cooksey, sued the Mutual Life Insurance Company, of New York, upon an alleged contract of insurance executed by that company upon the life of said Thos. Cooksey.

It is not claimed that a policy of insurance was issued to Thos. Cooksey by the company, but the following facts are asserted and shown by the record: On November 27, 1900, Thos. Cooksey made application to appellee for insurance

through one Carothers, who was a soliciting agent acting under appellee's general agent for the State of Arkansas. The application signed by Cooksey was made upon a printed form containing the following clause: "I have paid $............ to the subscribing soliciting agent, who has furnished me with a binding receipt therefor, signed by the secretary of the company, making the insurance in force from this date, provided this application shall be approved, and the policy duly signed by the secretary at the head office of the company and issued." The solicitor, Carothers, executed to Thos. Cooksey a receipt in the following form:

"Received of Thos. Cooksey the sum of $45.96, to be appropriated as first annual premium on the following insurance when the same shall be delivered to the said Thos. Cooksey, towit: $1,500 on the 20-year distribution plan in the Mutual Life Insurance Company, of New York, as applied for on the 27th day of November, 1900. and approved by Dr. A. Dunlap, medical examiner; provided, that said sum is to be refunded in case said company shall decline to issue said insurance as applied for. Neil Carothers, Agent."

The applicant was examined on the same date by a physician selected by the solicitor, who recommended. acceptance of the application. It was proved at the trial that the application was received at the office of the general agent in Little Rock on December 3, 1900, and forwarded to the home office in New York, where it was received on December 7; that the medical examination was approved by the physician in charge of the medical department, and referred to the inspector of risks, who on December 10 wrote the general agent at Little Rock, directing him to obtain further information concerning the occupation of the applicant. Thos. Cooksey died on December 14, 1900, and there is nothing in the record to show any communication between him and the company or its agents after the date of the application.

The court below directed a verdict for the defendant, which was rendered, and judgment entered accordingly, and the plaintiff appealed.

It is not an unfamiliar custom among life insurance companies in the operation of the business, upon receipt of an application for insurance, to enter into a contract with the applicant

in the shape of a so-called "binding receipt" for temporary insurance pending the consideration of the application, to last until the policy be issued or the application rejected, and such contracts are upheld and enforced when the applicant dies before the issuance of a policy or final rejection of the application. It is held, too, that such contracts may rest in parol. Counsel for appellant insists that such a preliminary contract for temporary insurance was entered into in this instance, but we do not think so. On the contrary, the clause in the application and the receipt given by the solicitor, which are to be read together, stipulate expressly that the insurance shall become effective only when the "application shall be approved and the policy duly signed by the secretary at the head office of the company and issued." It constituted no agreement at all for preliminary or temporary insurance. *Mohrstadt* v. *Mutual Life Ins. Co.,* 115 Fed. 81; *Steinle* v. *N. Y. Life Ins. Co.,* 81 Fed. 489.

Appellant's counsel insists that the court erred in directing a verdict; but we think the testimony, taken as a whole, does not tend to establish any material fact in his favor, and is not sufficient to make a case to be submitted to a jury.

Affirmed.