MUTUAL LIFE INSURANCE COMPANY *v.* JORDAN, GUARDIAN.

## Opinion delivered February 9, 1914.

1. INSURANCE—LIFE INSURANCE—CONTRACT OF, WHEN BINDING.—Although an application for life insurance has been accepted by the company, it is neither effective nor binding, when the policy has not been delivered, and no binding receipt has been given the insured. (Page 328.)

2. INSURANCE—LIFE INSURANCE—CONTRACT OF, WHEN BINDING.—J. applied for life insurance in defendant company. Before the payment of a premium or delivery of the policy, he requested that the date of same be changed. The request was made to a local agent with no authority to bind the defendant. J. paid the first premium with the request, but died before defendant agreed to make the change. *Held*, there was no binding contract of insurance in effect between the parties, and that the beneficiaries named in the application could not recover in an action against defendant company. (Page 328.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; reversed and dismissed.

### STATEMENT BY THE COURT.

On March 7, 1912, J. B. Jordan applied to R. L. Blakeley, an agent of the Mutual Life Insurance Company, for a policy of insurance on his life in the sum of $7,000 in said company, payable to the children of Jordan, who were minors. He requested in his written application that the policy be dated on the 25th of March, and that the premiums, after the first, be payable on the 15th of September of each year. The application contained this provision: "All the following statements and answers, and those that I make to the company's medical examiner in continuance of this application are true, and are offered to the company as an inducement to issue the proposed policy, which shall not become effective unless and until the first premium shall have been paid during my continuance of good health, and unless also the policy shall have been issued during my continuance in good health; except in case a binding receipt shall have been issued as hereinafter provided."

In the application is also the following: "I have paid $.......... in cash to the subscribing soliciting

agent, who has furnished me with a binding receipt therefor, signed by the secretary of the company, making the insurance in force from this date, providing this application shall be approved and the policy duly issued.''

No payment was made at that time, and the blank was not filled out. The application was forwarded to H. L. Remmel, appellant's general agent, at Little Rock, and by him it was forwarded to the company's home office in New York. It was examined on the 12th of March, and the company advised Remmel on that date that on the 25th the policy would be made out and forwarded.

On the 15th of March, Jordan met Blakeley and told him that he would like to have the policy dated on the 7th of March instead of the 25th, and have the annual premiums payable on the 7th of March, and asked that Blakeley get the company to make the change. Blakeley told Jordan that he would write and ask that the change be made, and suggested to Jordan that it would be best for him to pay the premium then. Blakeley advanced the premium for Jordan and sent the same in about the 15th of March. The premium was received by Remmel on the 18th of March. Jordan died on the 19th of March. On the 22d the company, in ignorance of the death of Jordan, made out a policy, dated March 25, and mailed it to Remmel. Remmel, on that day, heard of the death of Jordan, and when he received the policy on March 25, he returned the same to the company.

In the meantime, Remmel retained the check which he had received from Blakeley for the premium, and when he learned of the death of Jordan he tendered the same back to the administrator of Jordan's estate.

It was shown that Blakeley was the agent of appellant at Prescott, and that his only authority was to solicit applications for insurance, and to collect the initial premiums.

It was shown that Blakeley did not issue to Jordan any receipt for the money advanced by him for the first premium. The form of the receipt that he gave in such cases shows that the policy would be in effect from the

date as shown by the receipt provided the risk was accepted and the policy issued.

These are substantially the facts upon which Lizzie D. Jordan, as guardian for Helen and Francis Jordan, minors, sued the Mutual Life Insurance Company, and, upon an instructed verdict in favor of the appellees, obtained a judgment against appellant in the sum of $7,000, from which this appeal has been duly prosecuted.

*Rose, Hemingway, Cantrell & Loughborough* and *McRae & Tompkins,* for appellant.

Under the terms of the application, and the facts developed in evidence, it is clear that there was no completed contract of insurance. We think this case is ruled by this court's decision in *Peoples Mutual Life, Accident and Health Insurance Company* v. *Powell,* 98 Ark. 166. See, also, 73 Ark. 117; 28 Fed. 705; 28 S. E. 398; 100 Ga. 330; 70 S. E. 186; 124 S. W. 345; 30 Fed. 545; 144 S. W. 362; 137 S. W. 907, 908; 109 Wis. 4, 85 N. W. 128; 1 Cooley's Briefs on Insurance, § 844; 21 Am. & Eng. Ann. Cases, 796, note.

*C. C. Hamby* and *George R. Haynie,* for appellee.

On the proposition that Blakeley had no authority to vary the conditions of the contract, see 175 Ill. 284. That agents can waive conditions in policies, see 79 Ark. 315; 68 S. W. 695; 52 S. W. 959; 60 N. E. 1106.

The receiving of the first premium and holding the same by the general agent without advising Jordan that his second application was rejected, amounted to an acceptance, and the mere fact that the policy was not issued before his death will not defeat the claim. 66 Ark. 612; 24 U. S. (Law Ed.) 298; 119 Ill. App. 93.

*Frederick L. Allen, Rose, Hemingway, Cantrell & Loughborough* and *McRae & Tompkins,* for appellant in reply.

The evidence is affirmative that Blakeley had no authority to issue a binding receipt, and the burden was upon the plaintiff to show that he had such authority. 98 Ark. 166. No binding receipt was issued to Jordon nor

any other kind of receipt. See 79 S. E. 806. The application is a mere step in the creation of a contract to insure. When made out and forwarded to the company, it is not yet a contract of insurance, but is a mere proposition on one side which must be accepted by the other side before it can be said that the minds of the parties have met upon the terms of a policy of insurance. 135 Pac. 1150.

WOOD, J., (after stating the facts). There was no completed contract of insurance between the appellant and the insured. Jordan first sent in his application for a policy of insurance to be dated March 25, and the company accepted this application and issued the policy to take effect on that date, but the policy had not been delivered up to this time, and no binding receipt had been given him, so the policy that was issued had not become effective. Before the policy was issued on this application, Jordan requested that the policy be dated on March 7, and the agent who took the application promised to write the company to have the policy dated in compliance with Jordan's request; but before this could be done, Jordan died, and therefore there was no meeting of the minds of the parties who were negotiating for the contract of insurance, and no policy issued evidencing the fact that the company had accepted and acted upon the request of Jordan as made through the soliciting agent to have contract take effect March 7.

When Jordan requested the change to be made in the date of the policy, the soliciting agent informed him that it would probably be best, if he expected to accomplish the change in the date desired, to pay the cash premium, which Jordan did, but the company had not issued a policy in compliance with this latter request before Jordan died, and therefore the company had not indicated its compliance with his request by the issuance of a policy, and the contract of insurance was not complete.

The soliciting agent had no power to bind the company to the issuance of a policy. All he had authority to do was, to take the application and deliver the policy, and

collect initial premiums. Had the insurance company been notified of the desire on the part of Jordan to have the date of the policy changed and had it indicated its acceptance of such request and compliance therewith by issuing his policy, then there might have been some grounds for appellee's contention that the policy of insurance had become effective. But none of these conditions had been met, and they were essential to the consummation of a contract of insurance.

The facts in the cases relied upon by learned counsel for appellee in their brief clearly distinguish them from the present case, and no useful purpose would be subserved by reviewing them. Here the undisputed evidence shows that Jordan paid the premium to the soliciting agent upon his suggestion that it would be better for him to do so if he expected the company to make the change in the date of the policy as specified in the original application. As to whether the company would make such change or not was left in abeyance. The agent did not tell Jordan that the company would make the change in date, and he had no authority to bind the company to make it even if he had so represented.

The application for insurance as amended by Jordan's request under which the premium was paid, as shown by the uncontroverted evidence, called for a policy to be issued of date March 7 instead of March 25, the date of the policy that was issued. No such policy as Jordan desired, as indicated by his request for a change in date when the policy should commence, was ever issued, and there is nothing in the record to show that the insurance company would have issued a policy bearing that date, or that Jordan would have accepted a policy that did not bear such date. There remained something to be done to complete the contract of insurance.

The principles announced in the cases of *Mutual Life Ins. Co.* v. *Parish,* 66 Ark. 612; *Cooksey* v. *Mutual Life Ins. Co.,* 73 Ark. 117; *Peoples Mutual Life, Accident & Health Ins. Co.* v. *Powell,* 98 Ark. 166, and the recent case of *National Life Ins. Co.* v. *Speer,* 111 Ark. 173, when ap-

plied to the facts of this record, show clearly that there was no completed contract of insurance. Authorities from other jurisdictions and standard authors on insurance sustaining the view herein announced are found in brief of counsel for appellant. The appellant, therefore, is not liable.

The judgment is reversed and the cause dismissed.