ABRAM J. HERTZ v. SECURITY MUTUAL INSURANCE COMPANY.[1]

November 12, 1915.

Nos. 19,636—(246).

**Insurance — authority of agent — evidence.**

> The finding, that the local agent of defendant, a life insurance company, employed by it to solicit written applications for insurance, had neither express nor apparent authority to conclude an oral insurance contract to be in force until the application obtained by him had been passed upon by defendant, is supported by the evidence.

Action in the district court for Ramsey county to recover $5,000 upon defendant's agreement to insure the life of Izer H. Hertz in favor of plaintiff. The case was tried before Dickson, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion to amend the findings of fact or for a new trial, plaintiff appealed. Affirmed.

*A. J. Hertz* and *James E. Markham,* for appellant.

*O'Brien, Young & Stone,* for respondent.

HOLT, J.

Plaintiff alleged that on August 25, 1913, Izer H. Hertz applied to defendant, a life insurance company, to insure his life in the sum of $5,-000, the annual premium to be $426.45; that, after a medical examination, the application was accepted and the premium paid upon the express agreement that the insurance should be in force from said date, and that the usual form of policy should be issued and delivered wherein the said amount, upon the death of the insured, should become due and payable to his son, the plaintiff; and that Izer H. Hertz died August 28, 1913. The answer denied the making of any contract to insure, and alleged that Izer H. Hertz, on the date mentioned, signed an application for insurance in defendant company wherein he agreed, among other

[1]Reported in 154 N. W. 745.

Note.—For presumption as to powers of agent in case of oral contracts of insurance, see note in 22 L.R.A. 773.

things, that the policy thereby applied for "shall not be in force unless actually delivered to and accepted by" him during his lifetime, and while in good health; that no policy of insurance was ever delivered and no premium was paid, and that the application was not accepted. The reply admitted that Izer H. Hertz signed the application but alleged that he could not read the English language, that the condition referred to was not read to him by defendant's agent, and that he did not know that it was contained therein. Findings were in favor of defendant, and plaintiff appeals from the order denying his motion for amended findings or a new trial.

Among the findings of fact are these which are of decisive import: That the person who solicited Hertz to insure was the duly appointed soliciting agent of defendant, expressly empowered to act as defendant's agent, for the purpose of procuring and effecting applications for insurance on the lives of individuals that shall be satisfactory to the company, and to collect in advance the first annual premium to be charged for any policy applied for at the time he took the application, but conditionally, to be returned in case the application was rejected by defendant, and kept in case the application was approved. That the application signed by Hertz was forwarded to defendant's home office in Binghampton, New York, where it arrived shortly prior to September 2, 1913, but, on that day, before any action was taken thereon, defendant was advised that Hertz died August 28 or 29, and hence refused to consider the same; that the check for the first premium received by the agent from plaintiff herein was returned by the agent at about the time of applicant's death; and that the agent of the defendant, who solicited Izer H. Hertz' application, had no authority either actual or apparent, to enter into a contract of insurance for said defendant, or to pass upon or finally accept applications for insurance for defendant. The agent referred to is the only one who, according to plaintiff, participated in the transaction with Izer H. Hertz. If this agent had no authority to make the alleged contract there is no cause of action, for before the written application reached the officials of the company who had authority to pass upon its acceptance or rejection there was no risk to insure.

Clearly the agent had no express authority to make life insurance contracts in behalf of defendant. We do not understand that counsel claims

that he had. But the finding that the agent lacked apparent authority is vigorously assailed. It appears that this was the first application procured by the agent while in defendant's employ. Izer H. Hertz had had no prior dealings with defendant. There is no evidence that defendant, or any life insurance company, by local or soliciting agents, undertook to make oral contracts of insurance pending a consideration of the written application. Therefore, if apparent authority to effect insurance is to be here found, it must be inferred or implied from the mere fact that the defendant employed an agent to solicit insurance applications. The usual course pursued by life insurance companies in making insurance contracts is well known. Whether the proposed risk of his own accord applies for insurance or has been worked upon to the point of applying by the persuasions of an agent of the insurance company, the first step towards effecting a contract is to make a written application upon a form, prescribed by the company, wherein the applicant answers a number of questions bearing upon the risk and the premium to be paid, such as age, present and past state of health, condition and action of his various physical organs and his family history. This application, after being properly made out and signed by the applicant, is then given to some local physician before whom the applicant must present himself for examination. A report of this examination is indorsed upon or attached to the application, which is then forwarded to the home office, where, after submission to the company's chief medical adviser, it is accepted or rejected. If accepted a policy is issued and delivered. Precautions are taken by insurance companies, thereto also prompted by statutory requirements, that every agreement and representation pertaining to the insurance contract from its inception to its conclusion shall be in print or writing. Such being the usual way of doing business by life insurance companies, no fault should be found with the finding of the trial court to the effect that this defendant had not clothed its soliciting agent with apparent authority or power to make an oral contract of insurance. There was nothing in defendant's method of doing business generally, or in any prior dealings with the applicant Hertz, or in the business of life insurance as customarily transacted, to require or countenance a finding of apparent authority in the agent to make the alleged contract. Hence it is not necessary to consider whether the vacillating and uncertain testimony

of the agent, a personal friend of Hertz, tended to establish any contract, even had he possessed authority to make one.

In Morse v. St. Paul F. & M. Ins. Co. 21 Minn. 407, it was held that the fact that a soliciting agent was authorized to receive applications for insurance to be forwarded for the approval or rejection of the company and also to collect premiums, was not in itself sufficient indication of authority in the agent to enter a contract of insurance. Counsel frankly concedes that if this rule is applied to the instant case it leads to an affirmance. But he contends that the decision is wrong, and that the trend at the present time is to hold insurance companies bound to any contract of insurance which an agent of theirs may make, although his employment be limited to merely soliciting applications for insurance. We need not here determine whether there has been any departure from the rule of the Morse case, for the difference in the methods employed in procuring fire insurance risks from the ones used in effecting life insurance contracts, and the necessity for different methods, suggests cogent reasons for holding that apparent authority is much more readily to be inferred in the case of a soliciting agent of fire insurance than in one of life. In either case, where the agent's power is expressly limited, apparent authority to do acts beyond the limitation should not be found unless clearly to be inferred. Kerr, Insurance, p. 52; May, Insurance (4th ed.) pp. 236, 237; Armstrong v. State Ins. Co. 61 Iowa, 212, 16 N. W. 94.

Without discussing each case cited by appellant, we may say that the ones relating to fire insurance where a finding or verdict established apparent authority in an agent upon evidence showing the mode of doing business by the insurer, or by such insurers generally, can have very little weight as precedents here where the finding is that the agent had no apparent authority, and there is no testimony from which the contrary could be inferred. Such are the cases of Ellis v. Albany City Fire Ins. Co. 50 N. Y. 402, 10 Am. Rep. 495; Post v. Aetna Ins. Co. 43 Barb. 351, 361. Nor can aid be had from cases involving collection of premiums by agent wherein the authority in this state is governed by statute. G. S. 1913, § 3607; Kilborn v. Prudential Ins. Co. 99 Minn. 176, 108 N. W. 861. The case of Sheldon v. Connecticut Mut. Life Ins. Co. 25 Conn. 207, 65 Am. Dec. 565, depended upon whether there had

been a waiver of the provision that the policy should not take effect until the first premium had been fully paid or adjusted. The claim was that the soliciting agent had power to waive the provision. The jury found such power from evidence concerning the manner in which the agent had conducted the business of his principal and the latter's probable knowledge thereof. In Starr v. Mutual Life Ins. Co. 41 Wash. 228, 83 Pac. 116, the application required the agent to issue a receipt making the insurance in force from the date of the application "provided this application shall be approved" by the company. A separate receipt was given which stated the terms of the insurance and that the policy should take effect from that date. It was held that the provisions in the application and the receipt were equivocal and justified the inference by the applicant that the agent could effect temporary insurance pending the consideration of the application. In Fried v. Royal Ins. Co. 50 N. Y. 243, there was no dispute that the agent had authority to make the contract. Mohrstadt v. Mutual Life Ins Co. 115 Fed. 81, 52 C. C. A. 675, is not an authority for plaintiff as we read it. In Halle v. New York Life Ins. Co. 22 Ky. L. R. 740, 58 S. W. 822, the agent who made the contract was general agent and so signed it. There were also circumstances in subsequent negotiations which were held to preclude the company from denying the contract. In Kimbro v. New York Life Ins. Co. 134 Iowa, 84, 108 N. W. 1025, 12 L.R.A. (N.S.) 421; the applicant was advised by the agent, who had authority to deliver policies, that the policy applied for had been issued and was in the agent's possession for delivery and the company was held estopped from showing that the policy sent to the agent for delivery was not the one applied for but one proposed in lieu thereof which was to be accepted or rejected by the insured, because the insured died before he had knowledge of such proposal or could act thereon.

It is plain that section 3485, G. S. 1913, has no bearing in this case. It was enacted solely for the purpose of preventing a life insurance company from contending that, in controversies upon the policy issued by it, the agent who solicited the application for the insurance was the agent of the insured.

We cannot disturb the finding that defendant's agent who solicited Izer H. Hertz to sign the application for insurance had neither express

nor apparent authority to make the alleged oral contract of insurance.
Order affirmed.