JOHN OLSON v. AMERICAN CENTRAL LIFE INSURANCE COMPANY.[1]

November 4, 1927.

No. 26,251.

**Application for life insurance.**

1. An application for life insurance is a mere proposal and does not become a contract until accepted.

**When no contract exists until acceptance of application.**

2. Where the application provides that the insurance shall not become effective until the approval of the application by the insurer, no contract of insurance exists prior to such approval.

**Rule not changed because policy is to bear same date as the application.**

3. That the application provides that the policy shall bear the same date as the application and that the time covered by the premium shall be measured from that date does not change the rule, for the assent of both parties is necessary to create a contract.

[1]Reported in 216 N. W. 225.

No contract of insurance in this case.

    4. The application in question was not accepted, and no contract of insurance existed.

    Contracts, 13 C. J. p. 263 n. 74; p. 272 n. 48.
    Insurance, 32 C. J. p. 1102 n. 53; p. 1105 n. 18.
    Life Insurance, 37 C. J. p. 380 n. 85 New.

Defendant appealed from an order of the district court for Carver county, Tifft, J., denying its alternative motion for judgment or a new trial. Reversed.

*Doherty, Rumble, Bunn & Butler,* for appellant.
*Herbert P. Keller* and *George G. Chapin,* for respondent.

TAYLOR, C.

The court directed a verdict for plaintiff, and defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial. The question presented is whether defendant entered into a contract to insure the life of plaintiff's son, Merritt Olson.

The facts are not in dispute. At the solicitation of defendant's agent, Merritt Olson made an application for a policy of life insurance September 12, 1925. He was examined by defendant's medical examiner September 14, and paid the premium for one year to defendant's agent September 16. He was taken ill with infantile paralysis September 18, and died therefrom September 23. Defendant received the application at its home office September 16; received the report of the medical examination September 17; received the premium September 23; and received notice of the applicant's illness September 25. Defendant rejected the application immediately after receiving this notice and thereafter duly tendered a return of the premium. The formal rejection of the application two days after the death of the applicant could not affect the rights of the parties, although defendant did not know of the death at that time. Defendant does not base its claim of nonliability on that fact, but on the fact that the application had never been accepted or approved.

The application contained this provision:

"I desire policy issued as of *Date*. And I agree that the period to cover which the first premium is paid shall end one year after said date and that each policy year shall end on successive anniversaries of said date. I also agree that the insurance hereby applied for shall not take effect until the payment of the first premium thereon, and the approval of this application by the company."

It also provided for a return of the premium if the company did not accept the risk.

The application was on a printed form, and the words, "I desire policy issued as of," in the paragraph above quoted, were followed by a blank space for the insertion of the date. The word "Date," italicized above, was written in this space. The agent who took the application was well acquainted with Merritt Olson, a high school boy 17 years of age, and the Olson family. He filled out the application partly from his own knowledge and partly from information given him by Merritt in answer to questions. He inserted the word "Date" in the blank, and says he may have done so without mentioning it to Merritt.

Although the application was never accepted or approved by the company, plaintiff urges that as the policy was to be issued as of the date of the application and the premium paid covered the risk for one year from that date, defendant should be held to have contracted to insure Merritt from the date of his application if he was in fact an insurable risk on that date. The report of the medical examination showed that he was an insurable risk at the time it was taken. Defendant delayed acting upon the application in order to obtain further information as to Merritt's occupation to enable it to determine whether he came within the single or double indemnity class. He died before this information was received or any action had been taken.

It is well settled that an application for life insurance is a mere proposal and like any other offer does not become a contract until accepted. Heiman v. Phoenix Mut. Life Ins. Co. 17 Minn. 127 (153), 10 Am. R. 154; Hertz v. Security Mut. Ins. Co. 131 Minn. 147,

154 N. W. 745; Sawyer v. Mutual Life Ins. Co. 166 Minn. 207, 207 N. W. 307; 32 C. J. 1102; 37 C. J. 380. But plaintiff argues that unless the insurance began on the date of the application the premium would cover a period during which defendant did not assume the risk, and the insured would be paying for insurance for a period when he was not insured. He cites Koivisto v. Bankers & Mer. Fire Ins. Co. 148 Minn. 255, 181 N. W. 580, in support of the claim that the insurance took effect on the date of the application. That case involved a fire insurance policy. Koivisto made an application for the insurance and paid the premium therefor to the agent of the company, who agreed that the insurance should be in force from that date, and the question involved was whether the agent had authority to make such a contract. In sustaining a finding that the agent had such authority, the court stressed the fact that the company dated policies as of the date of the applications and that the insured would be paying for insurance which he did not receive unless it became effective on that date. In Hertz v. Security Mut. Ins. Co. 131 Minn. 147, 154 N. W. 745, a case much like the case at bar, it is pointed out that the method of procuring life insurance differs from the method of procuring fire insurance, and that facts which are important in determining whether a contract of fire insurance has been consummated may be of little weight in determining that question in respect to life insurance. In that case the medical examination had been made and the premium paid and the application had been received at the home office, but before it had been acted upon the applicant died. It was claimed that the agent had agreed that the insurance should be in force from the date of the application, but the court found that the agent had no authority to make such a contract and that no contract existed. When the policy was to be dated does not appear in that case and the point here urged was not raised.

In addition to the Koivisto case, plaintiff also cites Albers v. Security Mut. Life Ins. Co. 41 S. D. 270, 170 N. W. 159; Reynolds v. N. W. Mut. Life Ins. Co. 189 Iowa, 76, 176 N. W. 207; and Palm v. Medina Co. Mut. Fire Ins. Co. 20 Ohio, 529.

These cases differ materially from the case at bar.   In the Albers case it was held that the application together with the binding receipt constituted a contract for present insurance for the reason that Albers could not withdraw his application but was obligated to pay the first premium even if he refused to accept the policy. In the Reynolds case the application expressly provided that the insurance should become effective from the date of the medical examination if the company should be satisfied of the insurability of Reynolds on that date.   The court held that the company was justified in rejecting the application for the reason that Reynolds was not an insurable risk on the date of his medical examination, although the examiner had reported him as insurable.   The Palm case involved an application for fire insurance.   Under the rules of the company the policy took effect on the date of the application unless the insured directed otherwise.   The court held that the application contained no provision requiring it to be approved by the company and that the insurance took effect on the acceptance by the agent of the application and premium.

That the assent of both parties to the same set of terms is necessary to create a contract is axiomatic.   An offer never becomes a contract until accepted.   Where an application provides that the insurance shall not take effect until the approval of the application by the insurer, no contract of insurance exists prior to such approval, although the application also provides that the policy shall bear the same date as the application and that the time covered by the premium shall be measured from that date.   Steinle v. N. Y. Life Ins. Co. (C. C. A.) 81 F. 489; Mohrstadt v. Mutual Life Ins. Co. (C. C. A.) 115 F. 81; Rushing v. Manhattan Life Ins. Co. (C. C. A.) 224 F. 74; Bradley v. N. Y. Life Ins. Co. (C. C. A.) 275 F. 657; Cooksey v. Mutual Life Ins. Co. 73 Ark. 117, 83 S. W. 317, 108 A. S. R. 26; Wheelock v. Clark, 21 Wyo. 300, 131 P. 35, Ann. Cas. 1916A, 956; Long v. N. Y. Life Ins. Co. 106 Wash. 458, 180 P. 479.

Where a policy had been issued in conformity with such an application and the company sought to avoid liability on the ground that the policy had lapsed for failure to pay a subsequent premium

within the time stated in the policy, it has been held that in order to avoid a forfeiture the time covered by the premiums previously paid will be measured from the time that the policy actually took effect and not from its date. McMaster v. N. Y. Life Ins. Co. 183 U. S. 25, 22 S. Ct. 10, 46 L. ed. 64; Stinchcombe v. N. Y. Life Ins. Co. 46 Or. 316, 80 P. 213; Chestnut v. Security Mut. Life Ins. Co. 208 Mo. App. 130, 232 S. W. 203; Halsey v. Am. Cent. Life Ins. Co. 258 Mo. 659, 167 S. W. 951. These decisions do not militate against but rather support the established rule above stated.

In the instant case the application was never approved or accepted by defendant, and we are constrained to hold that no contract of insurance was ever made. It follows that judgment should have been directed for defendant, and it is so ordered.