**Rosetta CALDWELL, Appellant,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee.**

No. 71–1457.

United States Court of Appeals, Eighth Circuit.

April 3, 1972.

John J. Belmont, St. Paul, Minn., for appellant.

Thomas P. Kane, Oppenheimer, Brown, Wolff, Leach & Foster, Saint Paul, Minn., for appellee.

Before BREITENSTEIN, Senior Circuit Judge,* and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Rosetta Caldwell, widow of the decedent, Elmer Caldwell, appeals from a decision by Judge Devitt below in which he dismissed (Fed.Rules Civ.Proc. Rule 41(b) ) appellant's claim of an alleged oral contract to insure the life of the decedent made between the Caldwells and appellee's agent, Gordon Messerschmidt.

As a result of Messerschmidt's solicitations, Caldwell submitted an application for a term 65 life insurance policy on January 3, 1969. The first month's premium was paid but Caldwell failed to complete his medical examination within the 40 day post-application period prescribed by appellee's rules. Caldwell was notified of this and his premium payment refunded. Subsequently, however, the agent sought and received from Caldwell a second premium payment to "reopen the file" and Caldwell completed the medical examination. Three months later, on July 9, 1969, the agent had Caldwell sign a company form requesting reconsideration of his application. No policy was ever issued and Caldwell died July 28, 1969. Appellant contends that the agent's representations that Caldwell would be covered by insurance when the application was filled out, the premium paid and the medical examination completed constituted an oral agreement to insure Caldwell, binding appellee to its terms.

The trial court held that the appellant failed in her burden of proving the existence of an oral contract to insure; that Messerschmidt was nothing more than a soliciting agent, in contrast to a general agent, and with neither actual nor apparent authority to orally bind the appellee to a contract of insurance; and

* Of the Tenth Circuit, sitting by special designation.

that the deceased had no right to rely on the representations as to the existence of coverage since (1) the application provided that in the absence of a conditional receipt being tendered no coverage ensued until the policy was issued (no policy was issued); (2) the appellant and decedent, having received an "Important Notice to Applicant," which clearly stated no coverage was in effect and that the premium was being refunded, were put on notice that their file was closed and no insurance existed; and (3) the "Declaration of Insurability" in which Caldwell reapplied for coverage, plainly stated no coverage existed under the first application and would not until the policy was issued. The trial court also held that there were no representations concerning the existence of insurance after the reapplication was signed on July 9, 1969, and further that the lapse of time between July 9 and August 26, the date of rejection by appellee, was not an unreasonable period of time for the company to reconsider the file and to accept or reject the reapplication.

It is clear that the soliciting (life insurance) agent could not orally enter into and bind his principal to a contract for insurance.[1] Olson v. American Central Life Insurance Company, 172 Minn. 511, 216 N.W. 225 (1927) and Hertz v. Security Mutual Insurance Company, 131 Minn. 147, 154 N.W. 745 (1915). Cf. Gulbrandson v. Empire Mu-

tual Insurance Company, 251 Minn. 387, 87 N.W.2d 850 (1958). See 16 Appleman, Insurance Law and Practice § 8696 (1968) and Vance, Vance on Insurance, § 36 (3d ed. 1951). The trial court, in its findings, held that Messerschmidt did not have such authority.

In any event, a thorough review of the entire record convinces us that the trial court's findings are supported by substantial evidence and are not clearly erroneous. See Fed.Rules Civ.Proc. Rule 52.

Affirmed.

---

1. He was, however, authorized to issue a conditional or binding receipt which would have provided interim coverage in this case when (1) the application was completed; (2) the first premium paid; and (3) the required medical examination was completed if the applicant was insurable.

Binders or conditional receipts of this type, which do not require final "Home Office" approval, appear to create interim coverage effective whenever the required medical examination is completed, assuming the applicant is insurable. This temporary contract of insurance would, of course, be subject to a condition subsequent—rejection of the application by the insurance company—assuming such occurs prior to the applicant's death. See, e. g.,

Prudential Insurance Company v. Lamme, 83 Nev. 146, 425 P.2d 346 (1967) and Allen v. Metropolitan Life Insurance Company, 44 N.J. 294, 208 A.2d 638 (1965). See Comment, "Life Insurance Receipts: The Mystery of the non-binding Binder," 63 Yale L.J. 523 (1954).

Here, though the agent was firmly convinced he had tendered Caldwell a binder, the appellant denied that he had and argued to such effect, apparently for the reason that the binder limited appellee's liability for interim coverage to $50,000, whereas, the oral contract, if established, would have provided accidental death coverage of $75,000. The trial court found that no binder had been issued.