Maria Gladis **DODSON** and Dean
L. Dodson

v.

**MUTUAL OF OMAHA INSURANCE CO.**

Civ. No. 6908.

District Court, Canal Zone,
Division Balboa.

Feb. 27, 1973.

Albert J. Joyce, Jr., Balboa, Canal Zone, for plaintiffs.

W. J. Sheridan, Jr., Balboa Heights, Canal Zone, for defendant.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

CROWE, District Judge.

1. The plaintiff, Dean L. Dodson, applied to the Mutual of Omaha Insurance Co. for a policy of health insurance on his wife, Maria G. Dodson.

2. Pursuant to the application, the defendant issued policy No. 85 H 527909–68M on September 11, 1968, in favor of Maria G. Dodson.

3. Plaintiff alleged and testified that Fernando M. Edwards, an admitted agent of the defendant, stated to plaintiff Dean L. Dodson that the policy would not cover the first pregnancy except that "if something happened to" or if something "should go wrong" with the first born baby after birth, then the

policy would cover the costs of such illness of such first-born child. The agent Edwards denied making such statement.

4. The plaintiff Maria G. Dodson, who was pregnant at the time the policy was applied for and issued, gave birth to a child on November 16, 1968 which infant necessitated medical and surgical treatment during the course of her short life, dying on December 12, 1968; the plaintiff paid the bills necessitated by the illness of the infant and here makes claim against the defendant under the terms of the policy allegedly modified by the oral statement of agent Edwards.

5. The health policy as issued by the defendant and placed in evidence by the plaintiff states in Part A, last paragraph: " 'Dependent' means any person who is named as a dependent in the attached copy of the application, and who is eligible for coverage in accordance with Part E." No dependent is named on the application.

6. Part D, second paragraph of the policy states: "Benefits under this Part D (maternity provisions) apply only to the wife and shall be payable only if both wife and husband are covered hereunder during the full period of pregnancy. Coverage of the husband shall be required only at the time of conception if his coverage later ceases because of death or entry into an armed service." The husband was never covered under this policy.

7. Part E, paragraph 1, and first part of paragraph 2, states:

"1. Dependent Eligibility: (a) Eligible dependents for issuance of coverage include the Insured's spouse and dependent children under the age of nineteen years. (b) Eligible dependents other than new born children not insured on the policy date may be covered upon acceptance, by the Company, of the Insured's written application and payment of any required additional premium."

"2. Newborn Children: (a) Any child of the Insured born while the policy is in force and *while at least one dependent is covered under the policy* shall be automatically covered under this policy until the first day of the second month following birth. * * * * ". No dependent was covered under the policy.

8. Part F, Policy Provisions provide the following: "1. Entire Contract; Changes: This policy, including the endorsements and the attached papers, if any, constitutes the entire contract of insurance. No change in this policy shall be valid until approved by an executive officer of the Company and unless such approval be endorsed hereon or attached hereto. *No agent has authority to change this policy or to waive any of its provisions.*"

9. On the application and immediately above the signature of plaintiff Dean L. Dodson appears the following: "I represent that my above answers and statements are true and complete to the best of my knowledge and belief and agree that no insurance will be effective until a policy has been issued and the company is not bound by any statements made by or to any agent unless written on this application."

10. Agent Edwards was nothing more than a soliciting agent of the defendant whose duties were confined to the solicitation of applications for insurance and the delivering of such to the local office.

11. The parties did not contract for the payment by the defendant of any attorney's fees of the plaintiff in any contemplated action by the plaintiff against the defendant on the contract of insurance.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the action.

2. Agent Edwards was not shown to be a contracting as well as a soliciting agent. "The difference is wide and familiar in all sorts of businesses, and especially well marked in the business of insurance." Hartline v. Mutual Benefit Health & Accident Ass'n, 96 F.2d 174, 1938, Circuit Court of Appeals, Fifth Circuit.

■ Resnick v. Wolf & Cohen, Inc., 49 A.2d 809, 1946, Municipal Court of Appeals for the District of Columbia states in part: "The burden of proving authority rests upon the party asserting it, and the authority must be traced to the principal." The test for determining whether an agent is a general agent or a soliciting agent is an elusive one. But it seems clear that a "general agent" is ordinarily one who is authorized to accept risks, agree upon and settle terms of insurance contracts, issue policies and to renew policies already issued, as distinguished from "soliciting agent" who merely procures applications, collects premiums and delivers policies. "It is settled that a general agent has authority to bind the insurer by an oral contract of insurance * * * [b]ut it is also settled that a soliciting agent has no authority to make an oral contract of insurance."

Eastridge v. Reliable Insurance Co., 480 S.W.2d 131, Supreme Court of Arkansas, 1972, states in part: "Not only that, but Gibson was only a soliciting agent, and accordingly could not have bound the company."

Caldwell v. American National Insurance Co., 456 F.2d 1268, Court of Appeals, Eighth Circuit, 1972 states: "It is clear that the soliciting (life insurance) agent could not orally enter into and bind his principal to a contract for insurance."

■ Dixie Life and Accident Insurance Co. v. Hamm, 233 Ark. 320, 344 S.W.2d 601, Supreme Court of Arkansas, 1961 states, in the opinion: "the customary function of special agents is to induce third parties to make application for insurance, to forward such application to the insurance company and to deliver the policy issued upon the receipt of the first premium in cash." Further, the court held, after finding the agent to be no more than a soliciting agent, "Appellee asserts that in the absence of notice, to the contrary, one dealing with an admitted agent has the right to presume that he is a general agent, and acting within the scope of his authority. This assertion is erroneous. * * * (Citing precedents) "A principal is not bound by the acts and declarations of an agent beyond the scope of his authority. A person dealing with an agent is bound to ascertain the nature and extent of his authority. No one has the right to trust to the mere presumption of authority, nor to the mere assumption of authority by the agent." This holding has been reiterated several times. Couch On Insurance, 2d Edition Vol. 3, Sec. 26:27, p. 547, states: "One who deals with soliciting and collecting agents of a life insurer must determine at his risk the extent of the agent's authority, as for example, whether the soliciting agent has authority to receive premiums other than the first, especially where the policy itself gives notice of the limitations of his authority."

■ 3. The policy itself, admittedly read by the plaintiff Dean L. Dodson, specifically excludes any coverage of an infant such as was born to the plaintiff Maria G. Dodson some two months after the policy was issued.

4. The plaintiff Dean L. Dodson made no effort to ascertain the authority of agent Edwards.

5. Even if agent Edwards did make the allegations ascribed to him by Dodson, Edwards had no authority to bind the company-defendant.

6. No contract for the payment of attorney's fees was made between the plaintiffs and the defendant.

7. For the reasons set out in these findings and conclusions, the complaint of Dean L. Dodson and Maria G. Dodson is dismissed and the defendant shall recover the costs of this action, and the plaintiff shall be assessed any unpaid costs.