[No. 15159. Department Two. April 14, 1919.]

NELLIE J. LONG, *Respondent*, v. NEW YORK LIFE
INSURANCE COMPANY, *Appellant*.[1]

INSURANCE (31, 34)—APPLICATION AND ACCEPTANCE—FAILURE TO
DELIVER. There was no delivery of the policy and no completed
contract of insurance, where the application recited that the insur-
ance should not take effect unless the policy is delivered during the
lifetime of the insured, insurance to take effect from date of the
application, and the company issued a policy and mailed it to its
agent to be delivered only in case the applicant signed an amend-
ment to the application agreeing that the policy was to take effect
from its date, and before its receipt by the agent, the insured died.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered July 3, 1918,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action upon a policy of life insurance,
after a trial on the merits. Reversed.

*Gose & Crowe,* for appellant, contended, *inter alia,*
that the application was merely a proposition and not
a contract. 1 Parsons, Contracts (9th ed.), p. 476;
Hammon, Contracts, § 76; *Lee v. Guardian Life Ins.
Co.,* Fed. Cas. No. 8,190; *Travis v. Nederland Life Ins.
Co.,* 104 Fed. 486; *Miller v. Northwestern Mutual Life
Ins. Co.,* 111 Fed. 465; *Reserve Loan Life Ins. Co. v.
Hockett,* 35 Ind. App. 89, 73 N. E. 842; *Markey v.
Mutual Benefit Life Ins. Co.,* 118 Mass. 178; *Heiman v.
Phoenix Mutual Life Ins. Co.,* 17 Minn. 153; *Armstrong
v. State Ins. Co.,* 61 Iowa 212, 16 N. W. 94; *Pickett v.
German Fire Ins. Co.,* 39 Kan. 697, 18 Pac. 903; *Ala-
bama Gold Life Ins. Co. v. Mayes,* 61 Ala. 163.

It was necessary that the policy be delivered within
the lifetime of the assured. *Misselhorn v. Mutual Re-
serve Fund Life Ass'n,* 30 Fed. 545; *Newcomb v. Provi-
dent Fund Society,* 5 Colo. App. 140, 38 Pac. 61; *Hawley*

[1]Reported in 180 Pac. 479.

*v. Michigan Mutual Life Ins. Co.*, 92 Iowa 593, 61 N. W. 201; *Dickerson's Adm'r v. Prudential Savings Life & Assur. Soc.*, 21 Ky. Law 611, 52 S. W. 825; *Busher v. New York Life Ins. Co.*, 72 N. H. 551, 58 Atl. 41; *Stringham v. Mutual Ins. Co.*, 44 Ore. 447, 75 Pac. 822; *Roblee v. Masonic Life Ass'n*, 38 Misc. Rep. 481, 77 N. Y. Supp. 1098; *Mutual Life Ins. Co. v. Young's Adm'r*, 23 Wall. (90 U. S.) 85, 23 L. R. A. 152.

*J. W. Brooks*, for respondent, cited: *Grier v. Mutual Life Ins. Co.*, 132 N. C. 542, 44 S. E. 28; *Kendrick v. Mutual Benefit Life Ins. Co.*, 124 N. C. 315, 32 S. E. 728, 70 Am. St. 592.

Placing the executed policy in the mails for delivery constitutes a delivery. 25 Cyc. 718.

MOUNT, J.—This action was brought to recover upon an alleged policy of insurance issued by the defendant. For answer the defendant denied any liability. The case was tried to the court and a jury and resulted in a verdict in favor of the plaintiff for the face of the policy—$3,000. At the close of all the evidence, the defendant moved for a directed verdict; and after verdict, for judgment notwithstanding the verdict. These motions were denied and a judgment was entered in favor of the plaintiff for $3,000. The defendant has appealed from that judgment.

There is no substantial dispute upon the facts. They are as follows: William I. Long, during his lifetime, was the husband of the respondent. On the 24th day of July, 1916, Mr. Long applied for an insurance policy on his life in the sum of $3,000. This application was made to Wendell Phillips, who at that time was a special agent of the appellant, residing in Idaho. The application for the insurance gave the residence of Mr. Long as Walla Walla, Washington,

and the name of Nellie J. Long as the beneficiary. The application recites as follows:

"I agree as follows: (1) That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health, and that unless otherwise agreed in writing, the policy shall then relate back to and take effect as of the date of this application; . . ."

At the time this application was given to Mr. Phillips, Mr. Long executed his promissory note in favor of Mr. Phillips for the annual premium of $149.37, payable in ninety days from its date. After the application was made, and on the 10th day of August, Mr. Long was examined by a doctor in Waitsburg, Washington. The doctor's examination, together with the application for insurance, was then forwarded to the appellant at its New York office. There was some delay in the issuance of the policy by reason of the fact that, when an applicant for insurance is examined by a doctor away from the residence of the applicant, the insurance company makes it a practice to determine why the applicant was not examined at the place of his residence. Afterwards, on the 6th day of September, 1916, a policy was issued by the appellant as applied for by Mr. Long. Attached to this policy was a statement which appellant required to be signed by the applicant before delivery, as follows:

"New York Life Insurance Company, 346 & 348 Broadway, New York.

"Dated Sept. 6, 1916.

"I hereby request, as an amendment to my application for insurance dated the 24th day of July, 1916, that any policy written thereon shall take effect as of the 6th day of Sept., 1916, instead of on the date of said application, as provided therein."

This policy, with the modified application, was mailed by the appellant to its agent in Spokane on September 7th. On the 8th day of September, 1916, Mr. Long died as the result of an accident. The policy, when received by the Spokane agent, was forwarded to Mr. Phillips at Lewiston, Idaho. Mr. Phillips, at that time having been notified of the prior death of the applicant, returned the policy to the appellant; and upon the 30th day of September also returned to Mrs. Long the note which was executed on July 24, 1916. After Mr. Long's death, Mrs. Long tendered payment of the note. The appellant company refused to receive payment of the note and refused to furnish the beneficiary named in the policy blank forms upon which proof of death could be made, and refused to pay the amount of the policy. This action was then brought.

It is apparent from these facts that there was no delivery of the policy in question and there was no agreement upon the terms of the policy. In short, there was no completed contract and no delivery thereof. In the case of *Insurance Co. v. Young's Adm'r*, 90 U. S. (23 Wall.) 85, where an applicant for life insurance gave his note for the premium and took a receipt from the company's agent giving the company the right to accept or reject the application, and the company did not agree to its terms but issued a policy with definite terms and transmitted the same to the agent, but before delivery the applicant died, his note being unpaid, it was said:

"The receipt of the 5th of June was the initial step of the parties. It reserved the absolute right to the company to accept or reject the proposition which it contained. There was a necessary implication that, if it were accepted the response and acceptance were to be by a policy, in conformity with the terms speci-

fied in the receipt as far as they extended, and beyond that, in the usual form of such instruments as issued by the company. But it was clearly within the power of the company, under the condition expressed, wholly to reject the application, without giving any reason; or to accept the proposition with such modifications of the terms specified, and of the usual conditions of such policies, as it might see fit to prescribe. The entire subject was both affirmatively and negatively within its choice and discretion. The acceptance was a qualified one, and there was none other. . . . The applicant assented to the proposition contained in the receipt, but the company did not. The company assented to the policy, but the applicant never did. The mutual assent, the meeting of the minds of both parties, is wanting. Such assent is vital to the existence of a contract. Without it there is none, and there can be none.''

The insurance company, of course, had the right to accept or reject the application as made. It in substance rejected the application as made for a policy which would relate back to and take effect as of the date of the application, namely, July 24, 1916, but was willing to, and did, issue a policy which related back to and took effect as of the date September 6, 1916. The policy was sent to an agent of the insurance company to be delivered upon condition that this change in the application be made. When the policy was received by the agent, the applicant was dead and the change could not be made; and of course the policy was not and could not be then delivered during the lifetime of the applicant in good health. So it is apparent that the parties to the contract did not agree upon the terms thereof. In Hammon on Contracts, at § 76, the rule is stated as follows:

''An acceptance of only a part of the terms of the offer does not create a contract; nor does an acceptance that introduces new terms into the contract con-

templated by the offerer. In neither case do the minds of the parties assent to the same thing. An acceptance which varies from the offer is in effect a rejection of the offer as made, and a counter proposal.''

That rule is applicable to the facts in this case. So it is apparent that no contract was agreed upon between the parties and no contract was delivered. The respondent claims that there was a delivery of the policy because it was placed in the mails to be delivered prior to the death of Mr. Long. There can be no doubt that, if there was an intention on the part of the insurance company to deliver this policy unconditionally to Mr. Long at the time it was placed in the mails, then it might be held that there was a sufficient delivery. The rule in regard to such deliveries is stated in 14 R. C. L., page 898, as follows:

''It is the intention of the parties and not the manual possession of a policy which determines whether there has been a delivery thereof. There must be an intention to part with the control of the instrument and to place it in the power of the insured or some person acting for him. Manual delivery to the insured in person is not necessary, nor is the fact that a policy has been turned over to the insured conclusive on the question of delivery. This matter of delivery is largely one of intent, and the physical act of turning over the policy is open to explanation by parol evidence. The deposit of an insurance policy in the mails, addressed to the insured, is a delivery to him and the same is true of the mailing or otherwise delivering the policy to the agent of the insurer with unconditional instructions to deliver the same to the insured, though it is otherwise where the instructions to the agent are conditional.''

Here, under the facts shown upon the trial, the policy was mailed, not to the applicant or the beneficiary, but was placed in the mails to be delivered to the agent of the appellant, and by the agent of the appel-

lant to be delivered only in case the applicant would agree that the policy should relate to and be in force from its date instead of July 24, 1916, as stated in the application. This, of course, was a material change in the policy. The applicant had a right to reject this change and the appellant of course had a right to insist upon it. It is clear that no consummated contract existed, and the insurance company therefore is not bound.

The judgment appealed from is therefore reversed and the cause ordered dismissed.

CHADWICK, C. J., HOLCOMB, PARKER, and FULLERTON, JJ., concur.