[No. 22279. Department Two. May 26, 1930.]

INEZ G. FRYE, *Respondent,* v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellant.*[1]

[1]Reported in 288 Pac. 262.

*S. A. Keenan,* for appellant.

*Bell, McNeil & Bowles* and *Gordon D. Eveland,* for respondent.

MAIN, J.—This action is based upon an insurance policy. The cause was tried to the court and a jury. At the conclusion of all the evidence, the plaintiff moved for a directed verdict and the defendant for a nonsuit. The trial court overruled the defendant's motion, and sustained the motion of the plaintiff. A directed verdict was returned. The defendant moved for judgment notwithstanding the verdict and also for a new trial, both of which motions were overruled. Judgment was entered upon the verdict, from which the defendant appeals.

The appellant is an insurance corporation organized under the laws of the state of New Jersey, with its principal place of business and home office at Newark in that state. It had a local office in the city of Seattle. Otis C. Maloy was employed by the local office for the purpose of soliciting insurance, delivering policies and collecting premiums. June 29, 1927, Maloy took the application of Russell M. Frye for an insurance policy on his life, naming the respondent Inez G. Frye, his wife, as sole beneficiary. The application and report of the medical examiner was received at the home office in Newark, New Jersey, July 14, 1927. On the 19th of that month, the application was approved and a telegram sent to the Seattle office, which was received on the day following, or the 20th. The policy, without instructions, was mailed to the Seattle office on this day. When the telegram was received, it was called to the attention of Maloy in the regular course of business, and he entered into an arrangement or agreement with the insured, by which Maloy was to call at the insured's place of business on

Saturday afternoon, the 23rd, and collect the first premium. The insured on this day was able, willing and ready to pay the first premium, and had provided himself with the money for that purpose. Maloy did not call during that afternoon as he had agreed to do. On the following morning, or July 24, Russell M. Frye received an injury in an automobile accident, from which he died during that day. Two days later the policy was received through the mail at the Seattle office, and was returned to the home office.

As above stated, the present action was brought by the beneficiary named in the policy to recover thereon. There are no disputed facts upon any material matter, and the questions to be determined are those of law.

The first question is whether the policy had been delivered, and, if so, when. The delivery of a policy may be either actual or constructive. If a policy is placed in the mail at the home office, addressed to a local office, with the intention that it shall be delivered to the insured upon the payment of the premium, the delivery is constructive and becomes absolute when the premium is paid. In *Long v. New York Life Ins. Co.,* 106 Wash. 458, 180 Pac. 479, it was said:

"The respondent claims that there was a delivery of the policy because it was placed in the mails to be delivered prior to the death of Mr. Long. There can be no doubt that, if there was an intention on the part of the insurance company to deliver this policy unconditionally to Mr. Long at the time it was placed in the mails, then it might be held that there was a sufficient delivery. The rule in regard to such deliveries is stated in 14 R. C. L., page 898, as follows:

" 'It is the intention of the parties and not the manual possession of a policy which determines whether there has been a delivery thereof. There must be an intention to part with the control of the instrument and to place it in the power of the insured or some person acting for him. Manual delivery to the

insured in person is not necessary, nor is the fact that a policy has been turned over to the insured conclusive on the question of delivery. This matter of delivery is largely one of intent, and the physical act of turning over the policy is open to explanation by parol evidence. The deposit of an insurance policy in the mails, addressed to the insured, is a delivery to him and the same is true of the mailing or otherwise delivering the policy to the agent of the insurer with unconditional instructions to deliver the same to the insured, though it is otherwise where the instructions to the agent are conditional.' ''

In *New York Life Ins. Co. v. Baker,* 33 Fed. (2d) 434, it is said:

''We believe the case fairly falls within the authorities holding that there is sufficient delivery of the policy to the insured in the acceptance of the risk as manifested by the company's preparing and executing and mailing the policy to its agent for delivery to the applicant for the insurance, notwithstanding the application provides that the policy shall not be effective until delivered to and received by the applicant. *N. Y. Life Ins. Co. v. Rutherford* (C. C. A.) 284 F. 707; *Unterharnscheidt v. Missouri State Life Ins. Co.,* 160 Iowa 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743, and the citations to be found in those opinions; Cooley's Briefs on Insurance, vol. 1, 640, and citations therein.''

The case of *New York Life Ins. Co. v. Babcock,* 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, is a leading and well considered case, in which the authorities are extensively reviewed. In that case a policy had been sent from the home office of the defendant in New York to the local agent at Dalton, Georgia, to be delivered to the insured. The policy was received by the local agent on November 30, 1895. The local agent did not deliver it on that day, and the insured died on the following day. It was there held that there had been a delivery of the policy and that a recovery could be had thereon. It was therein said:

"The controlling question, then, on this subject of delivery, is not who has the actual possession, but who has the right of possession. Applying these principles to the facts before us, we think that the delivery of the policy in question to the applicant had, in contemplation of law, been effected before his death. When his application was accepted at the home office in New York, and a policy issued thereon was placed in the mails for the sole purpose of ultimately reaching his hands, the company parted with its possession and control of the paper. The intention to deliver was complete."

In the case now before us, the policy was mailed from the home office in Newark, New Jersey, to the local office in Seattle, to be delivered to Maloy, who took the application, who in turn was to deliver the policy to the insured upon the payment of the first premium. Had this premium been paid, there can be no question but that, under the authorities above referred to, there would have been in law a delivery of the policy, and the liability of the appellant would be established. The premium, however, was not paid, because, through the fault or neglect of Maloy, the soliciting agent, it was not called for, as Maloy had agreed with the insured that it would be. Maloy, having authority to take applications, deliver policies and collect premiums, in making the agreement to call for the first premium on Saturday afternoon, was acting within the scope of his authority.

In each of the cases of *Green v. Prudential Ins. Co. of America,* 106 Kan. 90, 186 Pac. 970; *Yount v. Prudential Life Ins. Co.,* 179 S. W. (Kan. App.) 749, and *Bowen v. Prudential Ins. Co. of America,* 178 Mich. 63, 144 N. W. 543, there was mailed from the home office with the policy a warning slip to the effect that the policy should not be delivered until certain conditions were complied with, and in those cases it was

held that the mailing of the policies was not a delivery. In the case last cited the rule of the cases above referred to is recognized, but is held not to apply. It was there said:

"Authorities are to be found where the claim of constructive delivery has been sustained under the particular facts shown in special cases in which the local agent, through whom the application was made, having received a policy for conditional delivery, after ample time and opportunity in which to act, neglected or failed to make the delivery. The leading cases along that line, and which it is contended are controlling here, are *Life Ins. Co. v. Babcock,* 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134, and *Unterharnscheidt v. Missouri State Life,* 160 Iowa 223, 138 N. W. 459."

The next question which arises is whether the appellant can avoid liability by reason of the neglect or failure of Maloy, its agent, to carry out his agreement to call for the premium on Saturday afternoon. In other words, Has the appellant a right to defeat a recovery upon the policy because of a negligent act or fault of its agent when acting within the scope of his authority? The consequences of the negligence of the appellant's agent should not be visited upon the respondent. In *Holden v. Putnam Fire Ins. Co.,* 46 N. Y. 1, 7 Am. Rep. 287, it is said:

"The defendant may have reason to complain of the negligence of its agent, but the consequences of his negligence should not be visited upon the plaintiff."

In *Boutin v. National Casualty Co.,* 86 Wash. 372, 150 Pac. 449, it was held that an accident policy did not lapse for failure of the insured to pay the premium monthly in advance, as required by the policy, where it appeared that the insurance company employed a collector who for three years had called on the first day of the month, or shortly thereafter, and

collected and receipted for the premiums, and the premium had not been paid because the collector had not called. It was there said:

"If the collector who was employed by the insurance company neglected to call upon the first of the month and receive the premium, it was his fault and not the fault of the beneficiary or the assured. To hold under these circumstances that the policy had lapsed would, we think, amount to a great miscarriage of justice."

Referring again to the case of *New York Life Ins. Co. v. Babcock, supra,* upon this question it was there said:

"In any view, then, that we take of this case, whether the receipt given by the local agent to the applicant constitutes a part of the contract of insurance or not, the defendant company was liable. The insured had complied with every condition and had done everything required of him in order to obtain insurance upon his life. The company had unconditionally accepted his application, and issued a policy to be unconditionally delivered to him. That policy was received by its local agent, who, through negligence or in disregard of his obligations both to his company and to the other contracting party, failed without excuse and without authority to hand the policy to its real owner. In consequence of this failure and negligence, the company contends it is not liable. It thus seeks to take advantage of the wrong of its own agent by virtually pleading his negligence as a defense to this action. The law should be plain in its terms and unmistakable in its meaning before a court should hold that for such a cause an insurance policy was inoperative. As was held by this court in the case of *Clay v. Phoenix Ins. Co.,* 97 Ga. 44: 'Stipulations and conditions in policies of insurance, like those in all other contracts, are to have a reasonable intendment, and are to be so construed, if possible, as to avoid forfeitures, and to advance the beneficial purposes intended to be accomplished.' "

Since the failure of the insured in the case now before us to pay the premium was due to the fault or neglect of the agent of the appellant, the case stands in the same situation as though the premium had in fact been paid on the day that Maloy was to call for the same.

The case of *Markey v. Mutual Benefit Insurance Co.,* 103 Mass. 78, differs from the case now before us in that there the insured, at the time the policy was tendered to him by the agent of the insurance company, made the agent his agent for the purpose of obtaining money from a third person. There is nothing of that kind in the present case.

We have not overlooked the fact that, in the application, it was provided that, unless the full first premium was paid at the time of making the application, the policy should not take effect until issued by the company and "received" by the insured, and the full first premium thereon paid. If the premium had in fact been paid at the time it was arranged that it should be, it would hardly be contended that the policy had not gone into effect on that day. The policy was dated July 2, 1927, and the premium was to be paid from that day, which would indicate that it was the intention of the parties that the policy should become effective when the premium should be paid after the policy had been prepared and mailed from the home office, without any limitations or restrictions upon its delivery by the local agency.

Affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.