JAMES P. KINNEY et al., *Appellants*, v. THE NORTHERN LIFE INSURANCE COMPANY, *Respondent.*[1]

*Wright & Wright* (*Ambrose C. Grady*, of counsel), for appellants.

*Preston, Thorgrimson & Turner*, for respondent.

MAIN, J.—This action is based upon an insurance policy. The defendant denied liability and pleaded two

[1]Reported in 93 P. (2d) 360.

affirmative defenses. One was that the policy had never been delivered; and the other, that the insured committed suicide and thereby voided any recovery upon the policy. The cause was tried to the court and a jury, and resulted in a verdict for the defendant. From the judgment entered upon the verdict, the plaintiffs appeal.

The respondent, The Northern Life Insurance Company, is a corporation organized under the laws of this state, and is engaged in the business of writing life insurance, with its principal office in the city of Seattle. The appellants, James P. Kinney and Margaret L. Kinney, his wife, are the parents of Philip T. Kinney, the insured.

September 9, 1937, Philip T. Kinney signed an application for insurance upon his life and named as beneficiaries his father and mother. In the application, the premium was stated as being $7.55 per month. When the application was received at the office of the company, it was discovered that the agent who took the application had made a mistake in the amount of the premium, and, instead of it being $7.55, it was $8.00, per month. The policy was written calling for a premium of $8.00 per month, and attached to the policy was the amended application.

At the time the insured signed the application, he paid the agent $7.55, as being the premium for the first month. September 17th of the year above mentioned, the policy was handed to the agent to deliver to the insured, upon condition that he pay the additional amount of the premium and sign the amended application. The agent attempted to contact the insured the afternoon of that day, but was unable to do so, although he had a conversation with him over the telephone; the insured stating that he would pay

the additional premium and sign the amended appli-
cation, and the agent was to call upon him the next
morning for that purpose. Later in the evening of the
same day, the insured met his death by reason of a
gunshot wound. Whether accidental or intentional, is
not material upon this appeal.

In submitting the case to the jury, they were told,
in effect, by instruction No. 9, that there could be no
recovery if neither the application was signed nor the
policy delivered to the insured prior to his death. The
question presented upon this appeal is whether that
was a correct instruction.

The appellants contend that the words "either
actually or constructively" should have been embodied
in instruction No. 9, and that the failure to so embody
them renders the instruction incorrect. In connection
with this, it is stated that the court failed to recognize
the fact that there could be a constructive delivery
of a policy of insurance without actual delivery of the
same. The court, in instruction No. 7, definitely in-
structed the jury upon the matter of constructive de-
livery, to which instruction no complaint appears to
be made. It would seem to follow that the court did
not fail to recognize that there could be a constructive
delivery.

The next question is whether the conversation
had by the agent and the insured over the telephone
operated as an acceptance of the policy by the insured,
and, by reason of that fact, there was a constructive
delivery. If the agent had the authority to waive the
condition fixed by the company, that he should collect
the additional premium and have the amended appli-
cation signed before the policy was delivered, it may
be that that conversation would result in a construc-
tive delivery. There is no evidence from which the

jury could find that the agent had the authority to waive the conditions mentioned.

It is the intention of the parties, not the manual possession of the policy, which determines whether there has been a delivery thereof. There must be an intention to part with control of the instrument and place it in the power of the insured or some person acting for him. The matter of delivery is largely one of intent. *Frye v. Prudential Ins. Co.,* 157 Wash. 88, 288 Pac. 262; *Harlow v. North American Accident Ins. Co.,* 162 Wash. 423, 298 Pac. 724.

In the first of the cases cited, a policy was placed in the mail by the insurance company at its principal place of business, which was in an eastern state, addressed to one of its agents, with instructions to collect the premium and deliver the policy to the insured. It is recognized in that opinion that there can be a conditional delivery, and that a constructive delivery may become absolute. The policy was received by the agent and was not delivered to the insured, due to the negligence or fault of the agent. It was there held that the insurance company would not be permitted to invoke the condition that the policy was not to be delivered to the insured until after the premium was paid, because the failure to deliver was due to the fault of the agent.

In the second case cited, it was held that, due to the facts of that particular case, the insurance company had waived the matter of conditional delivery, and, for this reason, judgment went against it. Neither of the cases mentioned supports the claim here that there had been a constructive delivery of the policy which had become absolute prior to the death of the insured, because the respondent had not done anything which would destroy its right to rest upon the fact that the

delivery was conditional. It will be noted that, in the instruction complained of, the jury were told that, if the insured did not sign the amended application, then there could be no recovery.

In the case of *Long v. New York Life Ins. Co.*, 106 Wash. 458, 180 Pac. 479, there was an amended application, and the policy was mailed to an agent with. instructions to have the amended application signed before the delivery of the policy. Prior to delivery, the insured died, and it was held that there was no delivery of the policy and no agreement upon the terms thereof. That case sustains the portion of the instruction which states that, if the amended application was not signed, there could be no recovery. We find no error in the giving of the instruction in question.

The judgment will be affirmed.

BLAKE, C. J., JEFFERS, ROBINSON, and STEINERT, JJ., concur.