[No. 5809.  Decided December 28, 1905.]

AMELIA STARR, *Appellant,* v. MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK, *Respondent.*[1]

INSURANCE—RECEIPT AND APPLICATION—CONFLICT—CONSTRUCTION.
Where an application for insurance upon a printed form conflicts
with the statements of a written receipt, the latter controls.

LIFE INSURANCE—BINDING RECEIPT—DEATH PRIOR TO ISSUANCE OF
POLICY.  Where an insurance solicitor receives the first payment on
a life insurance policy and issues a written receipt reciting that the
policy (to be thereafter issued) is to take effect from the date of the
receipt, there was a present contract of insurance to be superseded by
the policy or terminated by rejection of the application, although the
application upon a printed form recited that the insurance was not
to take effect until the policy was accepted; hence the company
would be liable where the application was accepted in ignorance of
an intervening accident which resulted in death before the delivery
of the policy.

INSURANCE—AGENTS—AUTHORITY.  Want of authority of a solicit-
ing agent, who received the first premium on a life insurance policy,
to issue a binding receipt constituting a present contract of insur-
ance, must be brought home to the insured in order to relieve the
insurance company from liability, the general rules of agency not
applying.

Appeal from a judgment of the superior court for Spo-
kane county, Richardson, J., entered November 16, 1904, in
favor of the defendant, upon granting a nonsuit at the close
of plaintiff's case, in an action on a policy of life insurance.
Reversed.

*Hartson & Holloway, Bedford Brown,* and *J. D. Campbell,*
for appellant, contended, among other things, that the pre-
liminary contract remained in force until superseded by the
issuance of a regular policy or rejection of the application.
16 Am. & Eng. Ency. Law (2d ed.), 851, 852; *Cooper v.
Pacific Mutual Ins. Co.,* 7 Nev. 116, 8 Am. Rep. 705;
*Halle v. New York Life Ins. Co.,* 22 Ky. Law 740, 58 S. W.
822.  The agent had authority to make the contract.  *Perkins*

[1]Reported in 83 Pac. 116.

*v. Washington Ins. Co.,* 4 Cowen 645 ; *Insurance Co. v. Wilkinson,* 13 Wall. 222, 20 L. Ed. 617. The agent of a general agent can do what his superior could do. *Palm v. Medina County etc. Ins Co.,* 20 Ohio 529 ; *Krumm v. Jefferson Fire Ins. Co.,* 40 Ohio St. 225 ; *Hardwick v. State Ins. Co.,* 20 Ore. 547, 26 Pac. 840 ; *Nixon v. Travelers' Ins. Co.,* 25 Wash. 254, 65 Pac. 195.

*Hughes, McMicken, Dovell & Ramsey,* for respondent, contended, *inter alia,* that the rights of the parties became fixed by the death of Starr. *Stringham v. Mutual Life Ins. Co.,* 44 Ore. 447, 75 Pac. 822 ; *Giddings v. Insurance Co.,* 102 U. S. 108, 26 L. Ed. 92 ; *Thompson v. Travelers' Ins. Co.,* 11 N. D. 274, 91 N. W. 75. Under the application, there was no contract until formal acceptance at the home office. *Insurance Co. v. Young's Adm'r,* 90 U. S. 106, 23 L. Ed. 152 ; *Pace v. Provident Sav. etc. Soc.,* 113 Fed. 13 ; *Steinle v. New York Life Ins. Co.,* 81 Fed. 489 ; *Kohen v. Mutual Reserve Fund Life Ass'n,* 28 Fed. 705 ; *Misselhorn v. Mutual Reserve Fund Life Ass'n,* 30 Fed. 545 ; *Marks v. Hope Mutual Life Ins. Co.,* 117 Mass. 528 ; *Markey v. Mutual Benefit etc. Ins. Co.,* 118 Mass. 178 ; *Allen v. Massachusetts etc. Acc. Ass'n,* 167 Mass. 18, 44 N. E. 1053 ; *Cable v. United States Life Ins. Co.,* 111 Fed. 19. The statements of good health constitute a warranty ; there can be no insurance on the life of a man already dead. *Schwartz v. Germania Life Ins. Co.,* 18 Minn. 448 ; *Coker v. Atlas Acc. Ins. Co.* (Tex. Civ. App.), 31 S. W. 703 ; *Jacobs v. New York Life Ins. Co.,* 71 Miss. 656, 15 South. 639 ; *Shattuck v. Mutual Life Ins. Co.,* 4 Clifford 598. There could be no contract until acceptance of the proposal. *Covenant Mutual etc. Ass'n v. Conway,* 10 Brad. (Ill. App.) 348 ; *Ross v. New York Life Ins. Co.,* 124 N. C. 395, 32 S. E. 733 ; *Oliver v. Mutual Life Ins. Co.,* 97 Va. 134, 33 S. E. 536 ; *Newcomb v. Provident Fund Soc.,* 5 Colo. App. 140, 38 Pac. 61 ; *New York Life Ins. Co. v. Babcock,* 104 Ga. 67, 30 S. E. 273 ;

*McClave v. Mutual etc. Life Ass'n,* 55 N. J. L. 187, 26 Atl. 78.

RUDKIN, J.—On November 30, 1903, at Spokane, Washington, Martin Luther Starr made application to the defendant insurance company, through one of its soliciting agents, for insurance on his life in the sum of $2,000. The application, which was on a printed form furnished by the company, contained the following provisions:

"This application is the basis and part of a proposed contract for insurance which shall not take effect until the first premium shall have been paid during my continuance in good health, and the policy shall have been signed by the secretary of the company and issued."

Also:

"I have paid $.... to the subscribing soliciting agent, who has furnished me with a binding receipt therefor, signed by the secretary of the company, making the insurance in force from this date, provided this application shall be approved and the policy duly signed by the secretary at the head office of the company and issued."

On the same day Starr was examined by a physician designated by the insurance company, and thereupon the soliciting agent issued to him the following receipt:

"Nov. 30, 1903.

"Received of Martin Luther Starr, five and no 100 dollars to apply on life policy for $2,000 in Mutual Life Ins. Co. of New York. Also his note to be paid to said Company Jan. 30th, 1903, for $76.22, bal. on first half of semi-annual premium. Policy to take effect from date. J. W. Pantall, For Mutual Life Ins. Co. of N. Y."

The application was forwarded to the head office of the company in New York, through its Seattle office, and on the afternoon of December 8, 1903, the application was approved and a policy issued. The policy was returned to the Seattle office for delivery to the insured. Starr died on the morning of December 8, before the approval of the appli-

cation and the issuance of the policy of insurance, from injuries received two days before, and the agent of the defendant company refused to deliver the policy for that reason. This action was prosecuted by Starr's widow to recover the amount of the insurance. The court below held, on the foregoing facts, that there was no contract of insurance, and granted a nonsuit. From the judgment of nonsuit, this appeal is prosecuted.

The appellant contends that the above receipt constituted a preliminary contract of insurance, which remained in force until the application was either approved or rejected at the home office of the company. The respondent, on the other hand, contends that the receipt and the application must be construed together; that the approval of the company was a prerequisite to the consummation of the contract of insurance; and that the approval of the application and the issuance of the policy, after the death of the insured and without knowledge thereof, was of no effect. With this latter contention, we fully agree. By the death of Starr the subject-matter of the contract of insurance ceased to exist, and at that moment there was a contract of insurance or there was none. The approval or rejection of the application after that time would be ineffectual for any purpose.

The object of the second provision of the application, above quoted, is not entirely clear, especially from the standpoint of the insured. If there was to be no contract of insurance in any event until the application was approved at the home office and a policy issued thereon, it would seem entirely immaterial to the insured whether the contract related back to the date of the application or not. If he lived until the application was approved and a policy issued, it would seem a matter of indifference to him whether he had been insured during the interim between the date of the application and the date of the issuance of the policy. On the other hand, if he died before the application was approved and the policy issued, his beneficiaries would derive no benefit from the in-

surance. The chief object of the provision would therefore seem to be to enable the insurance company to collect premiums for a period during which there was in fact no insurance, and consequently no risk.

However, this may be, 'if the receipt issued to the insured contained the same provision as the application, viz., that the insurance would take effect from that date, provided the application was approved at the home office and a policy issued, we would feel constrained to give full effect to the contract of the parties, and hold that there was no contract of insurance, unless the application was approved and a policy issued during the life time of the insured. Such was the case of *Steinle v. New York Life Ins. Co.*, 81 Fed. 489, cited by the respondent. *Pace v. Provident Sav. Life Assur. Soc.*, 113 Fed. 13, is so briefly reported that the facts do not appear.

While the application and the receipt form a part of the same transaction, and must be construed together, yet, where there is a conflict between the two, the court must of necessity determine which will control. The application in this case is on a printed form, with blanks not even filled, while the receipt given is wholly in writing. If there is a conflict between the two, under such circumstances, the latter will control. *Cole v. Union Cent. Life Ins. Co.*, 22 Wash. 26, 60 Pac. 68, 47 L. R. A. 201. Adopting and applying this rule of construction, which is approved by the authorities, we have no doubt that it was the intention of the parties to effect a present contract of insurance, binding from the date of the receipt, which would be superseded by the policy when issued, or terminated by a rejection of the application and notice to the insured. We think that no other construction will give effect to the manifest intention of the parties.

There was evidence tending to show that the soliciting agent had no authority to enter into a contract such as is contended for by the appellant, but this fact does not seem to be relied on by the respondent. "The powers of the agent

are, *prima facie,* co-extensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals;" (*Insurance Company v. Wilkinson,* 13 Wall. 222, 20 L. Ed. 617) and the general rules of agency do not apply in such cases. *Hart v. Niagara Fire Ins. Co.,* 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86. See, also, Bacon's Benefit Soc. & Life Ins. (3d ed.), § 153. If insurance companies deem it necessary for their protection to limit the operation of their contracts of insurance from the date of issuance of the policy, or from any other date, it is very easy for them to say so, and to bring knowledge of that fact home to those with whom they are dealing. In this case, we hold that the receipt given constituted a present contract of insurance, subject to be continued or terminated by the approval or rejection of the application, and that the insured was not affected by any want of authority in the soliciting agent to enter into such a contract, unless notice of such want of authority was brought home to him.

The judgment is reversed, with directions to vacate the judgment of nonsuit, and for further proceedings not inconsistent with this opinion.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, and DUNBAR, JJ., concur.