.Weygandt, C. J.,
 

 dissenting. The first question presented in this case is whether a contract of interim or temporary insurance was effected by (1) the signing of the application, (2) the payment of the first premium, and (3) the issuance and delivery of a receipt for the latter.
 

 In the majority opinion this question is answered in the affirmative, 'consistent with the decision of this court in the case of
 
 Duncan
 
 v.
 
 John Hancock Mutual Life Ins.
 
 Co., 137 Ohio St., 441, 31 N. E. (2d), 88, upon which reliance is placed.
 

 The second question raised is whether the defendant company was required to give notice of the rejection of the application for the permanent contract in order to terminate the existing interim or temporary contract. In the majority opinion it is held that such no
 
 *459
 
 tice was not necessary, and the decision is to the effect that the rejection immediately terminated the interim or temporary insurance irrespective of notice thereof to the insured.
 

 In 22 Ohio Jurisprudence, 1943 Cumulative Supplement, 2632, Section 163a, appears the following statement of the pertinent rule:
 

 “An application for life insurance, accompanied by declarations of the applicant and solicitor in lieu of medical examination, which stipulates that the insurance shall take effect from the time the application is signed, if the full first premium is paid; in accordance with the provisions of the policy applied for, and if the application is approved and accepted at the home office, upon payment of the first premium, insures the applicant temporarily for the face value of the policy, until the risk assumed is terminated by actual notice to the applicant that his application was rejected, or until it is superseded by issuance of a policy.”
 

 Likewise, in 29 Ameritan Jurisprudence, 159, Section 143, the rule is stated as follows:
 

 “Such binding slips or interim receipts, or temporary insurance, may ordinarily be revoked by notice to the insured that the company declines the risk.”
 

 And in 81 A. L. R., 336, appears the following statement to the same effect:
 

 “Where the provision in a receipt is construed as providing temporary protection until such time as the insurer has considered the application and announced its determination to accept or reject the risk, the insurer cannot terminate the risk so assumed otherwise than by notice brought home to the insured in his lifetime that his application was rejected.
 
 Mohrstadt
 
 v.
 
 Mutual Life Ins. Co.
 
 (1902), 52 C. C. A., 675, 115 F., 81, * *
 

 In 44 Corpus Juris Secundum, 962, Section 230, it is stated:
 

 
 *460
 
 “It has been held, however, that the applicant must be notified of a rejection so that he may have an opportunity to obtain insurance elsewhere.”
 

 In the case of
 
 Starr
 
 v.
 
 Mutual Life Ins. Co. of N. Y.,
 
 41 Wash., 228, 83 P., 116, it was held that such insurance is effective until superseded by a policy, when issued, or terminated by a rejection of the application and notice to the insured.
 

 In the instant case the defendant insurance company does not contend that it notified the insured of the rejection of her application for the permanent contract. However, the defendant does insist that, if it was required.to give such notice, a reasonable effort so to do was made within a reasonable time. This clearly presents a jury question under the evidence in this case. On December 18, 1942, the application was signed, the first premium was paid and a receipt therefor was delivered. Thirteen days later on December 31, the insured was injured. Seven days thereafter she died. This was twenty days — almost three weeks— after the original transaction, and the defendant company still had the insured’s money and had given her no notice whatsoever of the rejection which is alleged to have taken place December 28, at the defendant’s home office ten days before the death of the insured.
 

 It would seem that the lower courts were not in error in holding that under these circumstances it would be improper to direct a verdict for the defendant company.