BANKERS SERVICE LIFE INSURANCE CO. *v.* SELF.

No. 41269          November 23, 1959          115 So. 2d 693

*Alexander & Alexander, Clinton G. Herring,* Jackson, for appellant.

*John J. Fraiser, Jr., Lott & Sanders,* Greenwood, for appellee.

McGEHEE, C. J.

On June 22, 1956 the appellant, Bankers Service Life Insurance Company of Oklahoma City, Oklahoma issued to the Holmes County Bank and Trust Company at Vaiden in Carroll County, Mississippi, a master group policy whereby one obtaining a loan from said bank could secure life insurance with the appellant in the amount of and for the term of his loan. As part of this arrangement the appellant left with the bank the master group life insurance policy, and upon obtaining a loan from the bank the borrower was issued a certificate of insurance upon paying to the appellant's insurance agent the required annual premium.

On March 18, 1957 J. Collins Melton, the cashier and manager of the Holmes County Bank and Trust Company at Vaiden, Mississippi, and who was also the agent of the appellant Bankers Service Life Insurance Company, issued and delivered to one David Self, a borrower of $800 from the said Bank on that day, a certificate of

insurance which recited, among other things, that the Bankers Service Life Insurance Company "hereby certifies that the life of the person named below has been insured in the amount and for the terms specified below under a Creditor's Group Insurance Policy issued by the Company to the creditor (meaning the said bank) designated below."

The certificate of insurance then names David Self as insured debtor, gives his date of birth, his age and his post office address, the amount of insurance in the sum of $800 and states the premium as being $16 and names as the creditor Holmes County Bank and Trust Company, Vaiden, Mississippi. The certificate then states "Effective Date 3-18-57" and names as the second beneficiary Mrs. Alma Self, the appellee in this case. The certificate states her relationship to the insured David Self as being the wife and further states "Expiration Date 3-18-58." The name of the insured debtor, the date of his birth, age, post office address, the amount of the policy and amount of the premium, the name of the creditor bank, the effective date of the certificate of insurance, the name of the second beneficiary, her relationship to the insured and the expiration date of the certificate are all filled in by typewriter and the remainder of the certificate is printed.

There is a printed provision of the certificate following the above mentioned data as follows: "Subject to all of the provisions of said policy the Company hereby insures the insured debtor named above in the event of death, or accidental loss of eye, hand or foot."

The master group insurance policy and the supplement thereto issued to the creditor bank on June 22, 1956 according to the testimony of the cashier and manager of the bank and the agent of the appellant insurance company, were not shown to David Self by the agent, J. Collins Melton, at the time David Self paid the annual premium on March 18, 1957 and received

from the said agent the certificate of insurance hereinbefore set forth. The agent so testified. He further testified that he had authority to issue the certificate of insurance and that he executed and countersigned the same and that he thought at the time he executed and delivered the certificate to the insured the insurance became effective on that date as specified in the certificate.

David Self died on April 14, 1957 within less than thirty days from the receipt of the certificate in the home office of the appellant. The Supplement to the Master Group Policy executed on June 22, 1956 contained, among other provisions, the following: "The Company reserves the right to decline the risk within 30 days, after receipt of certificate at home office."

There is nothing in the record to show that the attention of the insured was called to the above-mentioned provision. In fact the agent testified that he did not show the master policy of which the supplement was a part to the insured at the time he issued the certificate of insurance, which specified that the effective date thereof was March 8, 1957, as aforesaid.

A letter was introduced which showed that on April 13, 1957, the day before the insured died, the appellant insurance company notified its said agent that it was impossible for the company to accept the risk, specifying no reason for its action in that behalf. This letter was not received by the agent Melton until April 17, 1957, whereas he testified that if it had been mailed on April 13, that he should have received the same two days earlier than he did.

The Master Group Policy contains another provision to the following effect: "EFFECTIVE DATE AND PERIOD OF INSURANCE. Provided the name of the borrower or customer is entered on the insurance register sheet this insurance on the life of the borrower or customer shall begin simultaneously with the granting of

the loan or contract by the creditor and terminate as provided hereinabove under the heading 'amounts of insurance' but in no case is the term of insurance to exceed three years.''

The only testimony at the trial, which was held before the circuit judge after a jury had been waived by agreement of the parties, as to whether or not the name of the borrower or customer had been entered on the insurance register sheet was the testimony of the insurance agent Melton to the effect that a copy of the monthly report of policies written for the month of March 1957 was sent to the home office of the appellant insurance company about the latter part of the month, and that the said report contains the name of David Self and shows that policy No. 10,799 had been written for him on March 18, 1957 for a premium of $16, the said No. 10,799 having reference to the number of the certificate issued to David Self by the agent Melton on March 18, 1957.

It is not contended that either the Holmes County Bank and Trust Company or the said David Self received any notice at all from the appellant insurance company prior to the death of the said David Self that the risk involved in the insurance to Self was declined. His wife, the appellee Mrs. Alma Self, was notified by the agent Melton on April 18, 1957 that the insurance company had declined the risk. Neither the Master Group Insurance Policy issued on June 22, 1956 nor the certificate of insurance issued on March 18, 1957 contained any requirement by their terms as to notice being given. Nor do either of them require that the insurance company shall give any reason for having declined the risk. But is is conceded by the appellant insurance company that if the risk had not been declined within the 30-day period provided for in the supplement to the Master Group Insurance Policy, the risk would have related

back to the date of the certificate of insurance on March 18, 1957.

On May 28, 1957 the appellant insurance company mailed its check to its agent, J. Collins Melton, for the sum of $6.40, which appears to be an adjustment as to the commission on the first annual premium. No refund whatever was made to David Self in connection with the annual premium that he paid to the agent Melton when the latter issued and delivered to him the certificate of insurance No. 10,799, and which certificate stated on its face as aforesaid: "Effective date 3-18-57."

■■ Construing together the certificate of insurance, the typewritten portion thereof in connection with the printing thereon, and the provisions of the Master Group Insurance Policy hereinbefore quoted, and giving to the same the liberal construction required in favor of the insured as against the insurer, ■■ ■ we are of the opinion that the insurance became effective when the certificate of insurance was issued and delivered to the insured, Self, by the agent, Melton, on March 18, 1957, since the record shows without dispute that the said agent had full authority to issue and sign the said certificate on a form furnished him by the appellant insurance company, and to countersign the same. The certificate contains a provision "Not valid until countersigned." Then there followed a line for signature over the word "Countersigned" and the agent, J. Collins Melton, wrote his name on this line when he delivered the certificate of insurance to David Self and collected the premium from him for the same.

This case is somewhat unlike those referred to in the annotation in 2 A. L. R. 2d 943 wherein it was provided that "The insurance shall be in force from its date provided the application is approved and accepted at the home office of the insurer", and which cases were decided on the assumed intention of the parties

to the effect that protection was contemplated pending the approval of the application.

But this annotation also cites the cases of Western & S. L. Ins. Co. v. Vale, 213 Ind. 601, 12 N. E. 2d 350; and Starr v. Mutual Life Ins. Co., 41 Wash. 228, 83 P. 116, wherein it was pointed out that no benefit is derived from the portion of the premium which covers the time between the application and the acceptance and issuance of the policy. In the *Starr* case the court said: "If there was to be no contract of insurance in any event until the application was approved * * * and a policy issued thereon, it would seem entirely immaterial to the insured whether the contract related back to the date of the application or not. * * *."

The annotation at page 987 further states: "The rationale behind these holdings is simply that the language of the receipt clearly expresses the intention of the parties."

See also Stonsz v. Equitable L. Assur. Soc., 324 Pa. 97, 187 A. 403.

It is conceded by both the appellant and the appellee that there are no Mississippi decisions on the point here involved but we are of the opinion that our decisions support the view that the provisions of the receipt issued by the said agent to the insured on March 18, 1957, together with the provisions hereinbefore quoted from the Master Group Insurance Policy, when considered together and given the liberal construction which our decisions require, mean that the insured in the instant case was protected from the date he paid the premium and received this unambiguous and unequivocal receipt or certificate to the effect that the effective date of the insurance that he was applying and paying for was "3-18-57".

Finally, see 29 Am. Jur., Insurance, Sec. 285, p. 264, wherein it is stated: "According to the weight of authority, a notice of cancellation mailed by the insurer

does not become effective until it is received, and receipt by the insured of such notice is a condition precedent to a valid cancellation of the policy.''

From the foregoing views it follows that the judgment of the trial court in favor of the appellee, widow of the insured and who had to pay the insured loan, should be affirmed.

Affirmed.

*Hall, Arrington, Ethridge,* and *Gillespie, JJ.,* concur.