487 P.2d 608 (1971)
FARMERS NEW WORLD LIFE INSURANCE COMPANY, a corporation, doing business in Colorado, Plaintiff in Error,
v.
Wanda L. CRITES, Defendant in Error.
No. 70-667. (Supreme Court No. 24458.)
Colorado Court of Appeals, Div. I.
April 27, 1971.
Rehearing Denied May 18, 1971.
Certiorari Denied August 3, 1971.
*609 Wormwood, Wolvington & Dosh, William P. DeMoulin, Denver, for plaintiff in error.
Brundage, Bauer & Cohen, Richard B. Bauer, Westminster, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This action was brought by plaintiff Wanda L. Crites against defendant Farmers New World Life Insurance Company to recover on a contract insuring the life of plaintiff's deceased husband.
The court heard the case without a jury, decided in plaintiff's favor, and entered judgment against defendant for the face amount of the insurance. The company, appearing here as plaintiff in error, seeks reversal.
On February 5, 1968, the deceased, Teddy E. Crites, signed and completed the company's form of "non-medical" application for a life insurance policy. On that date he paid the initial premium and a "conditional receipt" was signed by the company's agent and delivered to him. Wanda L. Crites was designated in the application as beneficiary. On February 28, 1968, Teddy Crites died of natural causes. At the time of his death no policy of insurance had been delivered to him. The application itself provides:
"Unless provided otherwise in the conditional receipt, we will not be liable unless (1) a policy is delivered and the entire first premium paid while you are in good health * * *."
Since no policy was delivered to the insured, the company's liability, if any, is dependent upon its obligations under the terms and conditions of the conditional receipt. This document provides in pertinent part as follows:

"CONDITIONAL RECEIPT
"Received $23.16 on 2-5, 1968, from Teddy E. Crites
"In connection with the application for insurance in the Farmers New World Life Insurance Company corresponding in date with this receipt. Applicant assents to the terms of this receipt as follows: (1) When this receipt is for the full first premium required by this application * * *, and only in the event that this application is approved and accepted at the Home Office * * *, then such insurance shall take effect from * * * (a) the date of completion of the application * * *."
The agent forwarded the application and the premium to the home office of the company. On February 15, 1968, the home office requested the agent to "arrange for a medical examination by a company appointed M.D.," which it said was necessary because of "confidential info." The agent's secretary then made telephone calls to Mr. Crites' office and talked to his secretary, but never contacted him. The company did not notify Mr. Crites that it desired a physical examination and at the time of *610 Mr. Crites' death the company had neither accepted nor rejected the application.
The issuance of "conditional receipts" in connection with applications for life insurance policies has caused considerable litigation over the rights and obligations created by such contracts when the insured dies before the application is accepted and the policy issued. The Colorado Supreme Court has not had occasion to consider this problem. Cases from other jurisdictions indicate that the terminology in which such receipts are couched vary to a considerable extent. The extent of the temporary insurance effected by such receipts is dependent primarily on the particular wording of the receipt in question.
The more recent cases which have considered a receipt such as the one here involved have held that a receipt stating that the insurance shall be in force from its date, provided that the application is approved and accepted at the home office of the insurer, is effective in providing protection to the applicant until the application is approved. See Annot., 2 A.L.R.2d 943 at p. 967. Cases supporting this view are Gaunt v. John Hancock Mutual Life Insurance Co., 2 Cir., 160 F.2d 599, cert. denied, 331 U.S. 849, 67 S.Ct. 1736, 91 L.Ed. 1858: Metropolitan Life Insurance Co. v. Wood, 9 Cir., 302 F.2d 802; Ransom v. Penn Mutual Life Insurance Co., 43 Cal.2d 420, 274 P.2d 633; Life Insurance Co. of North America v. De Chiaro, 68 N.J.Super. 93, 172 A.2d 30; Hart v. Travelers' Insurance Co., 236 App.Div. 309, 258 N.Y.S. 711, aff'd, 261 N.Y. 563, 185 N.E. 739; Leube v. Prudential Insurance Co., 147 Ohio St. 450, 72 N.E.2d 76, 2 A.L.R.2d 936; Starr v. Mutual Life Insurance Co., 41 Wash. 228, 83 P. 116. While conceding that there is respectable authority to the contrary, we hold in accordance with these cases that the conditional receipt issued to decedent Teddy Crites afforded him temporary insurance from the date of the completion of the application until date of death.
Counsel for the company rely upon the case of Lincoln Liberty Life Insurance Co. v. Martinez, 134 Colo. 75, 299 P.2d 507. That case did not involve a conditional receipt. It involved an application for an insurance policy, which specifically provided that the contract would not become effective until the policy was delivered to the applicant. The policy was not delivered to the decedent in his lifetime, and the court held that in the absence of such delivery no contractual obligations were incurred by the company. In the case at bar, the application required delivery of the policy as a condition precedent to the company's liability, "unless provided otherwise in the conditional receipt." The conditional receipt provided otherwise, and, consequently, delivery of the policy was not a condition precedent to the company's liability.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.