[No. 2082-1.    Division One.    February 25, 1974.]

U & I Properties, Inc., *Respondent*, v. Republic National Life Insurance Company *et al., Appellants.*

*Franklin & Watkins* and *Ralph E. Franklin,* for appellants.

*DeGarmo, Leedy, Oles & Morrison* and *David L. Ashbaugh,* for respondent.

Farris, J.—Republic National Life Insurance Company appeals from a summary judgment for U & I Properties Inc. in U & I's action to recover the proceeds of a life insurance policy.

On about June 29, 1970, Matthew Kautzman, president of U & I, applied to Republic for insurance coverage on his life with U & I as the owner-beneficiary. Kautzman accompanied his application with an initial premium of $14.14, computed by Republic's agent, Robert Vanderford, and received a receipt which provided:

Received from ............................................................................................ the sum of ...................................................($...................) Dollars for the full first premium specified in the application for insurance in the Republic National Life Insurance Company which bears the same date and serial number as this receipt. The insurance under the policy for which application is made shall be effective on date of this receipt or the date of completion of the medical examination (if, and when required by the Company), whichever is the later date, if in the opinion of the authorized Officers of the Company at its Home Office' in Dallas, Texas, the Proposed Insured is insurable and acceptable for insurance under the rules and practices on the plan of insurance, for the amount of insurance, and at the premium rate set forth in the application, exclusive of any amendments in the space for "Home Office Additions or Corrections." However, even if the Proposed Insured is so insurable and acceptable, the maximum liability of the Company under this receipt and other insurance in force in this Company shall be $50,000 or the amount of said other insurance, whichever is greater. If the Proposed Insured is not so insurable and acceptable the Company has no liability under this receipt, and the above payment will be returned, by the Company's check, upon surrender of this receipt. This receipt shall be void if given for check or draft which is not honored on presentation.

Company shall have 60 days from date of application to consider an act upon application. Failure of the Company to offer a policy within such 60 days shall be deemed a declination.

............................................., 19............

............................................................................................Agent

Thereafter, on July 1, 1970, Kautzman underwent a medical examination and was determined to be a "good risk." Because Kautzman had indicated on his application that he

was a pilot, Republic requested that he complete an aviation supplement. Upon its submission, Republic advised Kautzman, through Vanderford, that he would have to pay a rated up (increased) premium in view of his aviation activities. Kautzman refused to pay.[1] A policy reflecting the rated up premium, dated July 20, 1970, was forwarded to Vanderford but not delivered to Kautzman or U & I. On July 31, 1970, Kautzman died in an airplane crash. The trial court ruled that the policy, which provided coverage in the sum of $50,000, was in full force and effect at the time of his death. Republic appeals.

Republic argues that there was no meeting of the minds between Kautzman and itself and that therefore no binding insurance contract was in effect on the date of Kautzman's death. The receipt given to Kautzman when he paid the first premium provided effective coverage as of July 1, 1970, the date of Kautzman's satisfactory medical exam, *if*

> in the opinion of the authorized Officers of the Company at its Home Office in Dallas, Texas, the Proposed Insured is insurable and acceptable for insurance under the rules and practices on the plan of insurance, for the amount of insurance, and at the premium rate set forth in the application, exclusive of any amendments in the space for "Home Office Additions or Corrections."

This language does not make approval by Republic a condition precedent to insurance coverage. In *Starr v. Mutual Life Ins. Co.*, 41 Wash. 228, 230, 83 P. 116 (1905), similar language in the receipt stated that the insurance would be in force from receipt's date

> provided this application shall be approved and the policy duly signed by the secretary at the head office of the company and issued."

Starr died prior to the approval of his application by the

---

[1]Kautzman had applied for two insurance policies, one personal and the other as key man of his company. He paid the rated up premium on the personal policy and Republic paid its $32,000 value to the named beneficiary.

home office (Mutual Life subsequently approved the application, unaware of his death). The court held that there was coverage; otherwise no benefit would have been derived from that portion of the premium covering the date between application and home office approval. *See also Duncan v. John Hancock Mut. Life Ins. Co.*, 137 Ohio St. 441, 31 N.E.2d. 88 (1940); *Stonsz v. Equitable Life Assur. Soc'y of the United States*, 324 Pa. 97, 187 A. 403, 107 A.L.R. 178 (1936); Annot., 2 A.L.R.2d 932, 986 (1948).

The premium was rated up by the home office from $14.14 to $29.71 in the space which provided:

Do not use this space. Home Office Additions or Corrections.

The receipt specified that Kautzman's insurability was to be determined

exclusive of any amendments in the space for "Home Office Additions or Corrections."

Therefore, U & I argues, when Kautzman paid the initial premium, had a satisfactory medical exam, and was considered insurable by Republic as evidenced by its issuance of a policy, the insurance contract was effective.

█ This argument would carry but for the fact that after Republic determined, consistent with its standard practice, that Kautzman's aviation activities required a rated up premium, this determination was explained to Kautzman and he refused to pay the increased premium. Republic's communication to Kautzman of its determination that the requested coverage would require a rated up premium was a counteroffer capable of acceptance by Kautzman through payment of the additional premium. He rejected the counteroffer. Republic left the offer open for his further consideration but he died before accepting. U & I therefore is entitled only to the refund of the premium.

A similar question was before the Tennessee court in *National Life & Accident Ins. Co. v. Carmichael*, 53 Tenn. App. 280, 286, 381 S.W.2d 925 (1964):[2]

---

[2]*Contra, Slobojan v. Western Travelers Life Ins. Co.*, 70 Cal. 2d 432, 450 P.2d 271, 275, 277, 74 Cal. Rptr. 895 (1969).

The only fact that takes this case out of the realm of temporary or interim insurance is the fact that there was not a meeting of the minds and that the policy issued on the application was different from the policy applied for and would be only a counteroffer by the insurance company. If the company had issued a policy based on the premium of $2.23 which Carmichael paid, we would have no hesitancy in holding the insurance effective.

*See also Mutual Life Ins. Co. v. Young's Adm'r,* 90 U.S. (23 Wall.) 85, 23 L. Ed. 152 (1875); *Mohrstadt v. Mutual Life Ins. Co.,* 115 F. 81 (8th Cir. 1902); Annot., 2 A.L.R.2d 932, 982 (1948).

■■ We recognize that an insurer who retains a premium knowing of facts which would void the policy may, by waiver or estoppel, be held bound. *See Staats v. Pioneer Ins. Ass'n,* 55 Wash. 51, 60, 104 P. 185 (1909).

> Waiver by an insurer has been defined as the voluntary and intentional relinquishment or abandonment of a known right, with the insurer's full knowledge of all the facts pertaining thereto. *Buchanan v. Switzerland Gen. Ins. Co.,* 76 Wn.2d 100, 108, 455 P.2d 344 (1969). . . .
>
> Estoppel, on the other hand, refers to an insurer being barred from asserting a right where to permit such an assertion would be inequitable. *Buchanan v. Switzerland Gen. Ins. Co., supra* at 108.

*Morrissette v. Continental Life & Accident Co.,* 9 Wn. App. 789, 791, 514 P.2d 1391 (1973).

In the present case, however, Kautzman was specifically required under the terms of the receipt to surrender it before Republic had a duty to return his payment. He did not do so during the period between the date Vanderford informed him of the rated up premium and his death on July 31, 1970, less than 2 weeks later. There was no contract by waiver or estoppel.

Reversed.

HOROWITZ and JAMES, JJ., concur.

Petition for rehearing denied June 18, 1974.

Review pending by Supreme Court August 20, 1974.