[No. 10813–1–I. Division One. March 19, 1984.]

AMERICAN AGENCY LIFE INSURANCE COMPANY, *Appellant,*
v. MARY L. RUSSELL, ET AL, *Respondents.*

*Bogle & Gates* and *Dale B. Ramerman,* for appellant.

*Preston, Thorgrimson, Ellis & Holman, Douglas C. Lawrence, Stephen A. Smith,* and *Leon Uziel,* for respondents.

SWANSON, J.—This appeal requires us to determine when an application for life insurance ripens into an enforceable life insurance policy, thereby superseding liability created under a conditional receipt. The trial court granted the beneficiaries' motion for summary judgment, determining the policy to have become effective when the premium was paid and the insurance company internally approved the application, even though the insurance company had not transmitted that approval to the insured as contemplated in the application. The insurance company, American Agency Life Insurance Company (American Agency), appeals. We reverse.

On July 31, 1979, Colin S. Russell applied for a $100,000 life insurance policy with American Agency and submitted the first quarterly premium of $53.02. Just above Russell's signature, the application for insurance, which was on a printed form supplied by the insurer, provided in pertinent part:

The Applicant has paid $_____ with this Application for insurance. The undersigned Applicant and Proposed Insured (if other than the Applicant) represent(s) that the statements and answers recorded on this Application are true and complete and shall form the basis of any insurance issued in connection herewith. It is agreed that: 1) American Agency Life shall be entitled to 60 days from the date of this Application within which to consider and act upon same. If policy or notice of approval of this Application has not been received by the Appli-

cant within that period, then this Application shall be deemed to have been declined. 2) If a Conditional Receipt for Advance Payment is issued in connection with this Application, American Agency Life's liability will be as set out in such receipt. 3) If a Conditional Receipt for Advance Payment has not been issued, American Agency Life shall incur liability under this Application only when a policy has been delivered and the full first premium specified in the policy has been paid during the lifetime and continued insurability of the Proposed insured.

In return for Russell's payment of the first quarterly premium, the insurance agent issued Russell a Conditional Receipt for Advance Payment, which provided in pertinent part:

> Received 53.02 Dollars in connection with an application made this day to American Agency Life Insurance Company, for Insurance of $100,000 on the life of Colin S. Russell. The Insurance applied for, but not in excess of $50,000, shall be in full force and effect from the date of the completed Application including any required medical examination provided this payment is equal to at least one month's premium but not less than $10.00 and provided the health of the Proposed Insured is as described on the application and further provided the Company at its Home Office shall be satisfied on this date that the Proposed Insured is insurable according to its rules and practices and shall approve for the amount and the plan applied for on a standard basis without modification. If the amount paid herewith is equal to one month's premium but is less than the full first premium and the balance is not paid within sixty days from the date the insurance becomes effective the insurance will be in force only for such fractional part of a year as the sum paid will purchase on a pro–rata basis.

> . . .

> If you do not hear from the Company within sixty days, notify the Company, and upon request and return of this receipt, the advance payment will be refunded.

American Agency received the application at its home office on August 17, 1979. Six days later, August 23, 1979, American Agency's underwriter determined that Russell

was insurable according to American Agency's rules and practices on a standard basis without modification.

Two days later, August 25, 1979, Russell died. On August 27, 1979, American Agency was notified of Russell's death. As of that date no policy had been typed, issued, or delivered, and no notice of the approval had been communicated to Russell.[1]

Believing that it was bound only by the conditional receipt, American Agency offered to refund the unearned portion of the premium, sought a declaratory judgment concerning the distribution of the proceeds, and deposited $50,000 with the court. The beneficiaries counterclaimed for an additional $50,000, claiming the $100,000 policy had taken effect. The court thereafter granted the beneficiaries' motion for summary judgment ordering American Agency to pay the full $100,000, and denied American Agency's cross motion for summary judgment.

In analyzing the issue before us, we must construe the insurance application and the conditional receipt together, because they arise from the same transaction. *Starr v. Mutual Life Ins. Co.*, 41 Wash. 228, 232, 83 P. 116 (1905). When construing them as a whole, rather than in isolated segments, *Shotwell v. Transamerica Title Ins. Co.*, 91 Wn.2d 161, 588 P.2d 208 (1978), we must also seek to determine the parties' intent, generally by giving words their ordinary and popular meaning. *General Tel. Co. of the Northwest, Inc. v. C–3 Assocs.*, 32 Wn. App. 550, 648 P.2d 491 (1982); *Hallsted v. Blue Mt. Convalescent Ctr., Inc.*, 23 Wn. App. 349, 595 P.2d 574, *review denied*, 92 Wn.2d 1023 (1979).

Clearly, a conditional receipt was issued. Thus, as the second section of the application commands, the insurer's liability is controlled by the conditional receipt. No medical

---

[1]American Agency maintained that it had not issued the policy as of the date of Russell's death and that it had subsequently filed its declaratory judgment action because the application incorrectly specified the beneficiaries' share of the proceeds in dollar amounts rather than in percentages.

examination was required; Russell had paid more than the minimum 1 month's premium; and American Agency had approved Russell's application without modification. Therefore, American Agency was liable for $50,000 under the conditional receipt. To exceed this amount, resort must be made to the application itself.

The beneficiaries contend that, because a conditional receipt was issued, section two of the application superseded section one.[2] Thus, they argue that, because the conditional receipt fails to require actual delivery or issuance of the policy before the policy became effective, there exists an ambiguity which must be construed in their favor.

We do not agree. Section one applies generally to the attachment of liability under an insurance policy. Sections two and three are mutually exclusive, providing additional clarity when the condition of each is or is not met. Hence, concluding that section two supersedes section one would force us to read section three as superseding section one as well. Such an interpretation makes section one superfluous and is contrary to our duty to read each contract in such a manner that every section is given effect. *Wagner v. Wagner,* 95 Wn.2d 94, 101, 621 P.2d 1279 (1980). Consequently, we conclude that section two does not supersede section one, and the conditions expressed in section one must be met before American Agency becomes liable for $100,000.

The beneficiaries argue that American Agency nevertheless is bound under section one of the policy. In particular, they believe that issuance and delivery of the policy would have been superfluous, considering the fact that Russell had already completed every act required of him, that Russell unquestionably would have accepted the policy, and

---

[2]Sections 1 and 2 of the application previously quoted state as follows: "1) American Agency Life shall be entitled to 60 days from the date of this Application within which to consider and act upon same. If policy or notice of approval of this Application has not been received by the Applicant within that period, then this Application shall be deemed to have been declined. 2) If a Conditional Receipt for Advance Payment is issued in connection with this Application, American Agency Life's liability will be as set out in such receipt."

that American Agency had completed all discretionary steps by having approved the application. Furthermore, they contend that failure to find that an insurance contract arose would permit American Agency, against public policy, the free use of a portion of the premium.

█ Because the relationship between an insurer and an insured is purely contractual in nature, *McGregor v. Inter–Ocean Ins. Co.,* 48 Wn.2d 268, 292 P.2d 1054 (1956), the written application for insurance coverage (the offer) must be accepted according to its terms. *U & I Properties, Inc. v. Republic Nat'l Life Ins. Co.,* 10 Wn. App. 640, 519 P.2d 19 (1974). Additionally, the parties' intent must govern. *See Starr v. Mutual Life Ins. Co., supra.* The parties clearly expressed their intention in the application of insurance that Russell's receipt of the policy and/or notice of approval necessarily preceded creation of insurance liability in excess of $50,000. These conditions have been upheld as necessary prerequisites to the insurer's liability where the application for insurance required their performance before the insured's death. *Basinsky v. National Cas. Co.,* 122 Wash. 1, 209 P. 1077 (1922) (no acceptance before injury occurred precluded liability); *Long v. New York Life Ins. Co.,* 106 Wash. 458, 180 P. 479 (1919) (proposed insured died before receiving delivery, actual or constructive, and no liability arose). *See* 1 G. Couch, *Insurance* §§ 10:6, 10:8, 14:46 (2d ed. 1959).

> [I]f the receipt issued to the insured contained the same provision as the application, viz., that the insurance would take effect from that date, provided the application was approved at the home office *and a policy issued,* we would feel constrained to give full effect to the contract of the parties, and hold that there was no contract of insurance, unless the application was approved *and a policy issued* during the life time of the insured. . . .
>
> . . .
> . . . If insurance companies deem it necessary for their protection to limit the operation of their contracts of insurance from the date of issuance of the policy, *or from any other date,* it is very easy for them to say so, and to

bring knowledge of that fact home to those with whom they are dealing.

(Italics ours.) *Starr v. Mutual Life Ins. Co.,* 41 Wash. at 232–33.

Therefore, because section one of the application for insurance unambiguously notified the insured that his receipt of the policy or notification of approval was required before liability fell upon American Agency, Russell's death prior to such receipt frustrated the creation of an insurance contract.

 Moreover, the beneficiaries' argument contravenes this State's commitment to follow the objective theory of contract law. *Everett v. Estate of Sumstad,* 95 Wn.2d 853, 855, 631 P.2d 366 (1981); *Plumbing Shop, Inc. v. Pitts,* 67 Wn.2d 514, 408 P.2d 382 (1965); *Washington Shoe Mfg. Co. v. Duke,* 126 Wash. 510, 516–17, 218 P. 232, 37 A.L.R. 611 (1923). American Agency's internal actions, *i.e.,* determining Russell to have been insurable, were not an outward expression of acceptance. They merely evidenced a subjective intention which is irrelevant under the conditions specified in the application and under the objective theory of contracts. *Everett v. Estate of Sumstad, supra.*

In a related argument, the beneficiaries suggest on appeal that American Agency unreasonably delayed issuing the policy. They did not present this question to the trial court,[3] however, and it will not be considered here. RAP 2.5.

Because summary judgment is proper when the only dispute relates to the legal effect of contract language, *Pine Corp. v. Richardson,* 12 Wn. App. 459, 469, 530 P.2d 696,

---

[3]In the words of the beneficiaries' memorandum in support of summary judgment at page 9: "The sole question is whether the *terms* of the application and conditional receipt provided the decedent, Colin S. Russell, with insurance in the amount of $100,000.00 at the time of his death." (Italics ours.) We note in the clerk's papers that the beneficiaries did present the trial court with a Consumer Protection Act violation claim. This, however, only questioned the reasonableness of the delay in paying under the policy; it did not suggest that an unreasonable delay in issuing the policy formed a basis upon which to find that a policy had become effective.

*review denied,* 85 Wn.2d 1010 (1975), and because there is no factual dispute here, summary judgment in favor of one of the parties is proper.

Accordingly, the order granting defendant's motion for summary judgment is vacated and the case is remanded for reinstatement and granting of American Agency's motion for summary judgment.

CORBETT, A.C.J., and WILLIAMS, J., concur.